**Crisologo Redondo CAMPOS, Petitioner,**

v.

**The UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 22117.

United States Court of Appeals
Ninth Circuit.

Oct. 28, 1968.

Atkins & Jacobson, Beverly Hills, Cal., for appellant.

Wm. M. Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., Joseph Sureck, Regional Counsel, San Pedro, Cal., Stephen Suffin, INS, San Francisco, Cal., Ramsey Clark, Atty. Gen., Washington, D. C., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and CRARY, District Judge.*

CRARY, District Judge:

The petitioner, a native citizen of the Philippines, lawfully entered the United States on or about July 14, 1954, on a nonimmigrant visa and has remained here continuously from that date. His nonimmigrant status was changed to that of a student on September 28, 1954, and he was authorized to remain in the United States in that status until March 4, 1963.

On November 24, 1965, petitioner filed an Application For Adjustment of Status as a Permanent Resident pursuant to Section 245 of the Immigration and Nationality Act (8 U.S.C. § 1255). Thereafter, and in accordance with Title

8, Section 245.6 of the Code of Federal Regulations, he was given a medical examination by the United States Public Health Service, and on March 26, 1966, the said Public Health Service issued a certificate classifying petitioner as a Class A-Sexual Deviate and petitioner was so notified.

After his appeal from the said certification, he was, on July 11, 1966, again examined by a Board of Medical Officers at which time his own physician, Dr. Theodore Polos, and his attorney, Mr. Burton C. Jacobson, were present. The Board affirmed the prior certification.

After petitioner failed to depart the United States voluntarily, deportation proceedings were held on October 28, 1966, and February 28, 1967. During the proceedings, petitioner, through his counsel, admitted all of the allegations of fact as well as the charge in the Order to Show Cause issued October 19, 1966.

On March 28, 1967, the Special Inquiry Officer denied petitioner's renewed Application For Adjustment of Status to That of a Permanent Resident and his Application For Suspension of Deportation, ordering petitioner deported if he did not voluntarily depart as ordered. His appeal was dismissed.

Petitioner asserts that Section 212(a) (4) of the Immigration and Nationality Act (8 U.S.C. § 1182(a) (4) ) is inapplicable to him because, he argues, the Government should, under that Act, be required to establish that petitioner was afflicted with the psychopathic personality, as diagnosed by the Public Health Officers, prior to and at the time of his entry into the United States, whereas, the petitioner's problem developed several years after he was inspected and admitted to the United States.

Section 245 of the Act (8 U.S.C. § 1255) requires that the status of an applicant for change of status from nonimmigrant to that of one admitted for per-

* Honorable E. Avery Crary, United States District Judge, Cenrtal District of California, sitting by designation.

manent residence "* * * may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, * * * if * * * the alien is eligible to receive an immigrant visa and *is admissible to the United States* for permanent residence * *." [Emphasis added.] He must also submit to a medical examination the same as an applicant for entry (8 C.F.R. 245.6) and he must not be excludable under Section 212(a) (4) of the Act which bars "Aliens afflicted with psychopathic personality, or sexual deviation, or a mental defect."

The case of Boutilier v. I. N. S., 387 U.S. 118, 87 S.Ct. 1563, 18 L.Ed.2d 661 (1967), on which applicant so strongly relies, is clearly distinguishable from the case at bar. In Boutilier the alien, who had been admitted to the United States in 1955, was ordered deported by reason of the fact he was a homosexual *upon entry* into this Country and therefore excludable under Section 212(a) (4) of the Act. It was thus necessary to show Boutilier was a homosexual at the time of his entry in 1955 in order to make him deportable. In contrast, the petitioner herein seeks permanent residence status under Section 245 of the Act which requires him to be currently admissible to the United States for permanent residence.

■ An alien seeking to adjust his status to that of a permanent resident is assimilated to the position of an alien seeking to enter the United States for permanent residence. Amarante v. Rosenberg, 326 F.2d 58, 61 (9 C.A.1964); Ambra v. Ahrens, 325 F.2d 468, 470 (5 C.A.1963).

As stated by the text writer in Immigration Law and Procedure by Gordon and Rosenfield, Vol. 2, § 7.7e:

"§ 7.7e Procedure

(1) *General adjustment of status*. An applicant for adjustment of status is assimilated to the position of an applicant for entry. He must comply with all entry requirements except documents.[71] And the procedure like-

wise is assimilated to admission procedure.[72]" Footnote 71 cites 8 C.F.R. § 245.5. Footnote 72 cites 8 C.F.R. § 245.1(g).

■ The Court concludes that the petitioner's contentions that he was treated unfairly and in violation of due process of law, as guaranteed by the Fifth Amendment to the United States Constitution, are without merit.

The order of deportation is affirmed.