MATTER OF CAMPOS

In Deportation Proceedings

A-8960574

*Decided by Board February 6, and February 11, 1969*

A motion to reopen the deportation proceedings is denied by the Board where the identical issue raised was before the Court of Appeals when it considered and dismissed respondent's petition for review. However, where new evidence adduced since entry of the judgment of the Court of Appeals is subsequently presented, proceedings are reopened for further action in light of the new evidence.

DEPORTABLE: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—After admission as a nonimmigrant and subsequent change to another nonimmigrant status under section 248 of the Act, failed to comply with the conditions of changed status.

ON BEHALF OF RESPONDENT:
Sidney Broffman, Esquire
756 South Broadway, Suite 818
Los Angeles, Calif. 90014
(Brief filed)

ON BEHALF OF SERVICE:
Reece B. Robertson
Trial Attorney
(Brief filed)

BEFORE THE BOARD
(February 6, 1969)

The case comes forward upon motion of counsel to reopen, set aside and vacate our order dated August 8, 1967; declare invalid, set aside and vacate the Class "A" medical certificate of the United States Public Health Service; and remand the case for a further examination.

The respondent, a native and citizen of the Republic of the Philippines, 32 years old, an unmarried male, last entered the United States at the port of Honolulu, Hawaii on or about July 14, 1954 as a nonimmigrant visitor. His nonimmigrant status was changed to that of a student and he was authorized to remain in the United States until March 4, 1963. The respondent was granted the privilege of voluntary departure on July 28, 1966,

such departure to be effected on or before August 5, 1966. The respondent failed to depart and concedes deportability.

The respondent applied for adjustment of his status to that of a permanent resident alien under the provisions of section 245 of the Immigration and Nationality Act. He was convicted on two occasions under the laws of the State of California on charges relating to public decency and lewd conduct (Exs. 5 and 6). The respondent was examined by a medical officer of the United States Public Health Service on January 12, 1966 and was certified on March 26, 1966 as a Class A Sexual Deviate. A board of medical examiners affirmed the medical findings pursuant to section 234 of the Immigration and Nationality Act on July 25, 1966. The special inquiry officer found that the respondent was statutorily ineligible for relief under section 245 because he was inadmissible to the United States pursuant to section 212(a) (4) of the Immigration and Nationality Act. On appeal, on August 8, 1967, we affirmed that finding.

Thereafter, the respondent filed a petition for review in the Court of Appeals for the Ninth Circuit. *Crisologo Redondo Campos v. INS,* 402 F.2d 758. The court on October 28, 1968 held that the dismissal of the petitioner's application for adjustment of status to that of a permanent resident and of his application for suspension of deportation was proper inasmuch as an alien seeking to adjust his status to that of a permanent resident is assimilated to the position of an alien seeking to enter the United States for permanent residence except for entry documents and affirmed the finding of inadmissibility under section 212(a) (4) of the Act (8 U.S.C.A. 1182(a) (4)). The court concluded that the petitioner's contentions that he was treated unfairly and in violation of due process of law, as guaranteed by the Fifth Amendment to the United States Constitution, were without merit.

The main thrust of the present motion is the alleged failure to comply with the procedures and regulations of the United States Public Health Service and with the "Manual For Medical Examination of Aliens." However, these matters are not new but were on the record as they existed prior to the petition for review of the order of the Immigration and Naturalization Service, and were raised, by inference at least, in the appeal of the prior attorney which was disposed of by this Board in its decision of August 8, 1967 and by the court in its decision of October 28, 1968.

A party ordinarily cannot bring repeated court proceedings testing the same issues. Such repetitious litigation is precluded by the principle of *res judicata,* which declares that a person cannot

present to the courts an issue which was decided or *could have been raised* in a previous litigation between the same parties.[1] There must be some finality to litigation. The respondent had his opportunity in court. His complaint was dismissed. He cannot now file substantially the same complaint and ask the court again to consider the matter. The dismissal of the former complaint is *res judicata.*[2]

Counsel has cited the case of *Matter of Caydam,* 12 I. & N. Dec. 528 (1967). However, *Caydem* was an administrative decision and the bar of *res judicata* does not apply to administrative decisions. Here, the validity of the Public Health Service finding had already been raised and the Court of Appeals for the Ninth Circuit has sustained our prior order. The court's judgment is *res judicata.* We cannot permit piecemeal litigation of issues. We must defer to the judgment of the reviewing court. The motion will be denied.

ORDER: It is ordered that the motion be and the same is hereby denied.

### BEFORE THE BOARD
### (February 11, 1969)

Following entry of our order of February 6, 1969, but before copies thereof were sent out, we received a letter dated February 5, 1969 from counsel for the respondent, enclosing a letter dated January 29, 1969 from the Assistant Surgeon General concerning the respondent. The letter of January 29, 1969 states, in part:

> After review of the procedures used and the testimony taken at the previous examination, it has been decided that the case merits reexamination. this will be done by a medical board made up of officers who have not previously been involved with this case . . .

In his order of March 28, 1967, the special inquiry officer found respondent ineligible for section 245 relief because he had been certified by the United States Public Health Service as a Class "A" Sexual Deviate. In our order of August 8, 1967, we rejected respondent's challenge to that finding and our order was sustained on judicial review, *Campos* v. *INS,* 402 F.2d 758 (9 Cir. 1968). Respondent's new attack on the Class "A" medical certificate was dismissed in our February 6, 1969 order because we con-

---

[1] *Gordon and Rosenfield,* section 8.19, citing *Commissioner* v. *Sunnen,* 333 U.S. 591, 597 (1948); see *U.S.* v. *Rangel-Perez,* 179 F. Supp. 619 (S.D. Cal. 1959).

[2] *Frisina* v. *Esperdy,* 61 Civ. 221 (S.D. N.Y. 1961).

cluded further review was barred on *res judicata* principles by the Ninth Circuit's judgment.

The Assistant Surgeon General's letter of January 29, 1969, though somewhat informally presented, undoubtedly constitutes new evidence which has accrued since entry of the Ninth Circuit's judgment. Consequently, principles of *res judicata* do not preclude our consideration of this new evidence. It now appears that the medical findings underlying the special inquiry officer's conclusion of ineligibility are being reexamined. If this new evidence had been presented before we entered our order of February 6, 1969, we would have directed reopening. No reason appears why we should not do so now.

*It is ordered* that our orders of February 6, 1969 and August 8, 1967, and the special inquiry officer's order of March 28, 1967, be vacated, but only insofar as concerns the issue of respondent's eligibility for section 245 relief; and that the case be remanded to the special inquiry officer for such further proceedings as may be appropriate in the light of the evidence now presented.