**Bahman KHADJENOURI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 71–2190.**

United States Court of Appeals,
Ninth Circuit.

May 11, 1972.

Allen R. Jackson (argued), of Jackson & Hertogs, San Francisco, Cal., for petitioner.

Steve Suffin (argued), INS, Richard L. Williams, Dist. Dir., INS, San Fran-

cisco, Cal., James L. Browning, Jr., U. S. Atty., William B. Spohn, Asst. U. S. Atty., San Francisco, Cal., Joseph Surreck, Reg. Counsel INS, San Pedro, Cal., Henry E. Peterson, Asst. Atty. Gen., Washington, D. C., for respondent.

Before CHAMBERS and TRASK, Circuit Judges, and MURRAY,* District Judge.

## ORDER OF AFFIRMANCE

The decision of the Board of Immigration Appeals denying Khadjenouri's application for termination of deportation proceedings is affirmed.

 We hold that Section 241(f) of the Immigration and Naturalization Act, 8 U.S.C. § 1251(f) does not apply here. There is a difference between fraud after entry and fraud to obtain entry. Ferrante v. Immigration and Naturalization Service, 399 F.2d 98 (6th Cir. 1968).

We are not convinced that the petitioner could never again obtain reentry.

TRASK, Circuit Judge (dissenting):

I respectfully dissent. The petitioner obtained an adjustment of status, to that of a person admitted for permanent residence, after an initial entry as a temporary visitor for pleasure. This adjustment of status was pursuant to Section 245(a) of the Immigration & Nationality Act, 8 U.S.C. § 1255(a). Following a later administrative hearing, this adjustment of status was rescinded under Section 246(a) of the Act, 8 U.S. C. § 1256(a). This latter Section provides, in pertinent part, that if the person was not eligible for adjusted status,

> "the Attorney General shall rescind the action taken . . . and the person shall thereupon be subject to all provisions of this chapter to the same extent as if the adjustment of status had not been made."

The rescission proceeding resulted in a decision of the Special Inquiry Officer that although petitioner had entered the United States lawfully as a temporary visitor for pleasure, he had thereafter remained by fraud. In the following deportation proceedings, the Officer found petitioner deportable under Section 241(a) (2) of the Act, 8 U.S.C. § 1251(a) (2). He denied petitioner's motion that the deportation proceedings be terminated under Section 241(f) of the Act, 8 U.S.C. § 1251(f), even though petitioner had become the father of a child born in the United States.

The sole question presented by this appeal is whether a person, who otherwise qualifies for the protection of Section 241(f),[1] nevertheless is ineligible for this preferred position because he procured his adjustment of status, rather than entry, by fraud. The majority answers in the affirmative, citing Ferrante v. Immigration & Naturalization Service, 399 F.2d 98 (6th Cir. 1968).

This circuit has indicated a reluctance to treat adjustment of status pursuant to Section 245 differently from entry. In Campos v. U. S. Immigration & Naturalization Service, 402 F.2d 758 (9th Cir. 1968), this court interpreted Section 212(a) (4) of the Act, 8 U.S.C. § 1182(a) (4),[2] to apply to both adjust-

---

* Honorable W. D. Murray, Senior Judge, United States District Court, Butte, Montana, sitting by designation.

1. "(f) The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured· visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence."

2. "(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:
 * * * * *
 "(4) Aliens afflicted with psychopathic personality, or sexual deviation or a mental defect; . . . "

ment of status and entry. Consequently, petitioner's sexual deviation disallowed adjustment of his status, just as it would have made him ineligible to receive a visa and excluded him from admission if he had been afflicted at that time. Citing Amarante v. Rosenberg, 326 F.2d 58 (9th Cir. 1964), the court held that "[a]n alien seeking to adjust his status to that of a permanent resident is assimilated to the position of an alien seeking to enter the United States for permanent residence." Campos v. I&NS, *supra* at 760. *See also,* Ambra v. Ahrens, 325 F.2d 468, 470 (5th Cir. 1963); 2 Gordon & Rosenfeld, Immigration Law and Procedure § 7.73(1).

To distinguish between adjustment of status and entry in the interpretation of Section 241(f) is hostile to the Supreme Court's expansive reading of the statute in light of its purpose in Immigration & Naturalization Service v. Errico, 385 U. S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318 (1966), and this court's opinion in Lee Fook Chuey v. Immigration & Naturalization Service, 439 F.2d 244, 249 (9th Cir. 1971). In *Errico,* the Court applied Section 241(f) beyond its literal wording to persons to be deported as a direct result of their fraud, even though they were not charged expressly with fraud under Section 212(a) (19) of the Act, 8 U.S.C. § 1182(a) (19).[3] This reading comports with the purpose of the statute, to maintain families together in this country regardless of the fraud which facilitated their original union. That purpose is also well served by expanding from the literal words of the statute, "excludable at the time of entry," to include persons whose fraud goes directly to the adjustment of their status. There are no superior or intervening Governmental interests which distinguish fraud at entry from fraud at adjustment. As this court has held, adjustment and entry are functional equivalents. Campos v. I&NS, *supra*; Amarante v. Rosenberg, *supra*.

In *Lee Fook Chuey, supra,* this court held that Section 241(f) applies to persons who enter the United States by falsely claiming citizenship rather than by misrepresenting material facts in procuring and using visas. We there interpreted the "otherwise admissible" language of Section 241(f) as distinguishing between quantitative and qualitative restrictions. Thus, if his fraud avoided only quota restrictions, the alien is saved from deportation by Section 241(f). If his fraud consisted of misrepresentations with respect to the qualitative restrictions of Section 212, then Section 241(f) does not apply. *See* I&NS v. Errico, *supra* at 222, 87 S.Ct. 473. *See also* Jolley v. I&NS, 441 F.2d 1245, 1252–1254 (5th Cir. 1971). Petitioner in this case was not ordered deported because of fraud with respect to any of the qualitative provisions of Section 212.

Because adjustment of status and entry are counterparts under the circumstances of this case, I would hold that petitioner is entitled to the protection of Section 241(f).

---

3. "(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

\* \* \* \* \*

"(19) Any alien who seeks to procure, or has sought to procure, or has procured a visa or other documentation, or seeks to enter the United States, by fraud, or by willfully misrepresenting a material fact; . . . ."