MATTER OF IQBAL

In Deportation Proceedings

A-17973110

*Decided by Board November 22, 1972*

Relief under section 241(f) of the Immigration and Nationality Act, as amended, is not available to an alien in rescission of adjustment of status proceedings under section 246 of the Act; neither is such relief available in ensuing deportation proceedings charging deportability under section 241(a)(2) of the Act in that after admission as a nonimmigrant visitor he remained longer than permitted. [*Ferrante* v. *I&NS*, 339 F.2d 98 (C.A. 6, 1968), and *Khadjenouri* v. *I&NS*, 460 F.2d 461 (C.A. 9, 1972), followed.]

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer.

ON BEHALF OF RESPONDENT:
John Vincent Lemmon and
Henry S. H. Fong, Esquires
The Merchants National Bank Bldg.
705 Merchant Street
Sacramento, California 95814
(Brief filed)

ON BEHALF OF SERVICE:
Bernard J. Hornbach
Trial Attorney
(Brief filed)

This matter is before us on respondent's motion to reopen and terminate the deportation proceedings under section 241(f) of the Immigration and Nationality Act. The motion will be denied.

Respondent is a 36-year-old native and citizen of Pakistan who was admitted to the United States on May 20, 1967 as a nonimmigrant visitor for pleasure. He married a United States citizen and on her visa petition achieved immediate relative status under section 201(b) of the Act. This in turn led to his adjustment of status to that of a permanent resident under section 245 of the Act on December 28, 1967. A divorce followed and on December 13, 1971, after a hearing before a special inquiry officer, respondent's adjustment of status was rescinded under section 246 of the Act.

By that time he had married another United States citizen and requested termination of the rescission proceedings under section 241(f) of the Act. The special inquiry officer denied the request, relying on *Matter of Alemis*, 12 I. & N. Dec. 456 (BIA, 1967). On April 3, 1972 we dismissed respondent's appeal from the rescission order.

Deportation proceedings ensued and after a hearing before a special inquiry officer, on June 13, 1972 respondent was ordered deported on the ground that after his entry as a nonimmigrant visitor in 1967 he had remained longer than permitted. On August 11, 1972 we dismissed respondent's appeal from the deportation order and on the same day we denied his motion to reopen the rescission proceedings. A petition for review of our decision in both cases is now pending in the United States Court of Appeals for the Ninth Circuit, No. 72–2539.

In the motion now before us, respondent asserts that he is the father of a United States citizen child, born August 5, 1972. Since he now has a citizen wife and child, he contends he is entitled to termination of the proceedings under section 241(f) of the Act. The Service's trial attorney, opposing the motion, cites two cases which are on all fours: *Ferrante* v. *INS*, 399 F.2d 98, 104 (C.A. 6, 1968) and *Khadjenouri* v. *INS*, 460 F.2d 461 (C.A. 9, 1972). The latter endorses the *Ferrante* holding and is dispositive of the issue.

**ORDER:** The motion is denied.