## MATTER OF BARK

In Deportation Proceedings

A-19031067

*Decided by Board November 27, 1972*

(1) Where the special inquiry officer who conducted respondent's original hearing at Honolulu, Hawaii, was regularly stationed at El Paso, Texas, and was not assigned to Honolulu at the time of the reopened hearing 1 year and 9 months later, he was clearly "unavailable" within the meaning of 8 CFR 242.8(b) so as to permit a substitution of special inquiry officer. Further, objection to substitution of special inquiry officers will not be entertained on appeal to the Board of Immigration Appeals where no objection was made at the hearing.

(2) Notwithstanding respondent is the beneficiary of an unrevoked visa petition according him immediate relative status upon the basis of his marriage to a United States citizen, the Board of Immigration Appeals and the special inquiry officer are not precluded from finding, in deportation proceedings, that a *bona fide* marriage has not been established for discretionary relief purposes: hence, his applications for voluntary departure and for the benefits of sections 245, 241(f), and 212(i) of the Immigration and Nationality Act, as amended, are denied.*

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer, nonimmigrant

ON BEHALF OF RESPONDENT:
Jack Wasserman, Esquire
902 Warner Building
Washington, D. C. 20004

Attorneys of record:
Vincent H. Yano, Esquire
333 Queen Street, Suite 800
Honolulu, Hawaii 96813
(Brief filed jointly by
attorneys of record)

Elmer E. Poston, Esquire
770 Kapiolani Boulevard
Honolulu, Hawaii 96813

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

---

* Reversed and remanded, 504 F.2d 1030 (C.A. 9, 1974).

This is an appeal from an order of deportation entered by the special inquiry officer, denying termination pursuant to section 241(f) of the Immigration and Nationality Act, denying adjustment of status under section 245, denying a waiver under section 212(i), and denying voluntary departure.

The record relates to a married male alien, a native and citizen of Korea, 39 years of age, who entered the United States August 25, 1968 as a visitor for business. His status was subsequently changed to that of student. He was authorized to remain in the United States until July 4, 1969. Thereafter he was granted permission to depart on or before September 26, 1969. He has remained in the United States since that date without authority. Respondent was married on May 26, 1969 to Yong Ja Mark, a permanent resident of the United States who became a United States citizen March 13, 1970. An application for adjustment of status under section 245 was denied on September 8, 1969 on the grounds that he had obtained his visitor's visa on the basis of misrepresentations and that he had accepted unauthorized employment shortly after entering the United States, in violation of his nonimmigrant status.

A deportation hearing was originally conducted before Special Inquiry Officer A. K. Moe on October 10, 1969 at Honolulu, Hawaii. During the course of the hearing, respondent renewed his application for adjustment of status under section 245. Decision was reserved and it was stipulated that the hearing could be reopened if investigation developed information derogatory to the respondent. The hearing was reopened and a new hearing was conducted on July 15, 1971 before Special Inquiry Officer B. S. Karmiol who stated that he had reviewed the record and was familiar with the proceedings. No objection was made at the second hearing to the substitution of special inquiry officers.

The investigation had revealed that respondent was not living with his wife (Exh. 5) and that he had attempted to give $1,000 to the officer investigating his case (Exh. 5B). On the basis of these facts and the testimony given at the original and reopened hearings, Special Inquiry Officer Karmiol found that respondent had not established a *bona fide* marriage and that he did not warrant the favorable exercise of discretion.

On appeal to this Board, counsel contends that the substitution of special inquiry officers was contrary to regulations and therefore improper, because the record does not establish that the first special inquiry officer was unavailable. It has been held that a special inquiry officer is unavailable when he is assigned to other duties at the time of the reopened hearing, *Carlisle* v. *Brownell*, 149 F. Supp. 855 (D.D.C., 1957); *Say* v. *Del Guercio*, 237 F.2d 715

238

(C.A. 9, 1956); *Alexiou* v. *Rogers*, 254 F.2d 782 (D.C. Cir., 1958); *Matter of C*—, 5 I. & N. Dec. 743 (BIA, 1954). In this case it is conceded by counsel that there was no special inquiry officer regularly assigned to Honolulu, Hawaii. The original special inquiry officer's regular place of duty was El Paso, Texas. He was not assigned to Honolulu, Hawaii at the time of the reopened hearing, which took place one year and nine months after the date of the original hearing. Therefore, we find that he was clearly "unavailable" within the meaning of the regulation permitting substitution, 8 CFR 242.8(b). Furthermore, we have held that we will not entertain an objection to substitution of special inquiry officers in cases, such as this, in which no objection was made at the hearing, *Matter of C*—, *supra.* Respondent has not shown that he was prejudiced by the substitution of special inquiry officers.

Counsel further contends that this Board is bound, by the principle of administrative *res judicata,* to recognize the *bona fides* of respondent's marriage, because he is the beneficiary of an unrevoked visa petition according him the status of spouse of a United States citizen.[1] The purpose of *res judicata* is to provide repose from relitigation of an issue previously fully determined; its purpose is not to prohibit supervisory review of adminstrative decisions. Executive acts have never been regarded as *res judicata, Davis Administrative Law Treatise,* 1958, section 18.08. Approval of a visa petition is an executive, administrative function. The approval is based merely on review of an application form and accompanying documents. A trial-type hearing is not required. Here facts have been adduced which were not known at the time of the approval of the visa petition.

… administrative *res judicata* should not apply where the Secretary's own regulations do not require administrative finality.… A prior administrative determination should not … be *res judicata* where new and material evidence is offered which is of different determination, *Leviner* v. *Richardson,* 443 F.2d 1338 (4 Cir., 1971).

Furthermore, *res judicata* does not apply because there is no identity of parties. Visa petitions are submitted by permanent residents and United States citizens; adjustment of status applications are made by alien nonresidents, *Matter of Sweed,* 10 I. & N. Dec. 668 (BIA,1964).

The special inquiry officer in considering an adjustment of status application pursuant to section 245 is in much the same

---

[1] A visa petition according respondent status as spouse of a lawful permanent resident was approved October 10, 1969. That status converted automatically to that of spouse of a United States citizen upon the naturalization of the petitioner, 8 CFR 204.5(c).

situation as he is when hearing an exclusion case. He must decide whether the alien qualifies for entry, irrespective of any prior determinations. It is the duty of the special inquiry officer to determine whether an alien actually qualifies for the status into which he has been classified. The special inquiry officer is not bound by such prior classification in an exclusion hearing. His authority is no less in a deportation hearing.

The statute specifically provides that the visa petition procedure shall not be construed as entitling an immigrant to enter the United States if at the time of arrival he is found not to be entitled to the classification accorded him by the visa petition, section 204(e). An applicant for adjustment of status is assimilated to the position of an applicant for entry, *Campos* v. *INS*, 402 F.2d 758 (9 Cir., 1968); *Talanoa* v. *INS*, 397 F.2d 196 (C.A. 9, 1968). Consequently, we hold that this Board and the special inquiry officers are not bound by prior determination of a visa petition that an alien is entitled to a particular classification.

We further hold that, on this record, a *bona fide* marriage, entitling an alien to benefits under the immigration laws, has not been established. Investigation revealed that respondent and his wife lived in separate quarters. While both testified that their marriage was "a good marriage," their testimony as to how much time they actually spent together was conflicting. The special inquiry officer, who had respondent and his wife before him, and thus was in the best position to assess their credibility, found them not credible. On the basis of this record, we agree with his conclusion.

Inasmuch as we hold that this is not a *bona fide* marriage, respondent cannot claim any immigration benefits as a result of it, either under section 245, 212(i) or 241(f).

Furthermore, section 241(f) would not avail respondent because his entry was as a nonimmigrant. We have held that the benefits of section 241(f) do not apply to persons who enter as nonimmigrants, *Matter of Mangabat*, Interim Decision No. 2131 (BIA, March 29, 1972).

The special inquiry officer was warranted in denying voluntary departure as a matter of discretion on the facts of this case.

**ORDER:** The appeal is dismissed.