## MATTER OF RESTUBOG

### In Deportation Proceedings

#### A-17862399

### Decided by Board December 21, 1973

Under the concepts of *res judicata*, a motion to reopen for possible termination of deportation proceedings must be denied where the motion was filed subsequent to a Court of Appeals review sustaining a finding of deportability and ordering a remand of the case for the *sole* purpose of permitting respondent to designate the country to which she is to be deported, and the evidence underlying the motion accrued prior to the court order.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant transit— remained longer than permitted.

ON BEHALF OF RESPONDENT: Dan P. Danilov, Esquire
3828 Seattle First National Bank Building
Seattle, Washington 98154

This case is before us on remand from the United States Court of Appeals for the Ninth Circuit for entry of an appropriate order, in pursuance of the procedure we suggested in *Matter of Abellana and Donovan*, 14 I. & N. Dec. 262 (BIA 1973).

On August 23, 1973, we entered an order upholding the immigration judge's denial of respondent's application for adjustment of status under section 245 of the Immigration and Nationality Act, but granting respondent the privilege of voluntary departure. On judicial review, our order was affirmed, but the record was remanded "for the sole purpose of permitting [respondent] to designate the country to which she is to be deported," *Restubog v. INS*, 9 Cir. No. 72-2663, October 18, 1973. Following remand but before we received the record, counsel for respondent filed a motion to reopen in order that respondent might seek termination of the proceedings under section 241(f) and adjustment of status under section 245, coupled with a waiver of inadmissibility under section 212(a)(19), pursuant to section 212(i) of the Act. The motion is supported by counsel's affidavit; by a birth certificate showing the birth of a child to respondent on December 9, 1970 at Seattle, Washington; by evidence showing that an immediate relative visa petition in respond-

48

ent's behalf was approved by the district director on March 23, 1973; and by an application for a section 212(i) waiver, based on respondent's relationship to her child and to her mother, both United States citizens.

By the terms of the Court of Appeals order, which is binding on us, remand must be for the sole purpose of permitting the respondent to designate the country to which she is to be deported. Had the new evidence underlying the motion accrued *after* the Court of Appeals order, we might be justified in expanding the scope of our remand order, *Matter of Campos*, 13 I. & N. Dec. 148 (BIA 1969). However, all the events now relied on took place before the Court of Appeals order: the child was born on December 9, 1970 and the visa petition was approved on March 23, 1973. Under familiar concepts of *res judicata*, the Court of Appeals judgment binds us not only as to the issues actually raised and adjudicated by the court but also as to the issues which could have been raised. The only issue open for consideration on remand, then, is the designation of the country to which respondent is to be deported.

We note, in passing, that respondent has been found deportable solely on the ground that after entry as a non-immigrant she remained longer than permitted. Section 241(f) of the Act, therefore, would not benefit her in any event. *Cabuco-Flores* v. *INS*, 477 F.2d. 108 (C.A. 9, 1973).

ORDER: The hearing is reopened and the record is remanded to the immigration judge for the sole purpose of permitting the respondent to designate the country to which she is to be deported.

49