## MATTER OF BARRAGAN-GARIBAY

### In Exclusion Proceedings

#### A-20000136

*Decided by Board August 7, 1974*

The applicant was returning to the United States and presented a false Alien Registration Card, Form I-151. He was paroled into the United States for prosecution. He was thereafter convicted in a criminal proceeding for a violation of section 275 of the Immigration and Nationality Act, (8 U.S.C. 1325). Even though he was paroled into the United States he was prosecuted for an illegal entry. Therefore, the exclusion proceedings will be terminated because under the doctrine of collateral estoppel, the Government is prevented from denying that applicant made an entry.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant with no valid immigrant visa and not exempt therefrom.

ON BEHALF OF APPLICANT:
John McGonagle, Esquire
1701 Pennsylvania Avenue N.W.
Washington, D. C. 20006
Lewis A. Wenzell, Esquire
325 West "F" Street
San Diego, California 92101

ON BEHALF OF SERVICE
Irving A. Appleman
Appellate Trial Attorney

In an undated decision, the immigration judge found the applicant excludable as charged. The applicant has appealed from that decision. The appeal will be sustained, and the proceedings will be terminated.

The applicant is a 22-year-old alien who is a native and citizen of Mexico. The facts are not in dispute and are as follows.

The applicant came to the port of entry in San Ysidro, California on August 26, 1972, for the purpose of entering the United States and returning to San Fernando, California where he had been living for some time. When he applied for admission he presented a false Alien Registration Receipt Card, Form I-151, which he had purchased. The applicant was paroled into the United States for prosecution and was confined in jail.

On August 28, 1972, a complaint was issued charging the applicant with entering the United States on August 26, 1972 by knowingly and willfully presenting a counterfeit Alien Registration Receipt Card in

violation of section 275 of the Immigration and Nationality Act (8 U.S.C. 1325). On September 12, 1972, the applicant was convicted of the preceding criminal charge upon his plea of guilty. He was sentenced to imprisonment for 21 days and thereafter served his sentence.

The issue on appeal is whether the applicant is properly in exclusion proceedings. Counsel argues that the applicant's conviction for illegal entry is a conclusive determination that the alien has made an "entry" into the United States, and that therefore the applicant is not a proper subject for exclusion proceedings. The Service contends that the conviction has no effect on the applicant's status as a parolee into the United States. It is well established that parole into the United States is not an "entry" for purposes of the immigration laws. *Kaplan* v. *Tod*, 267 U.S. 228 (1925); *Leng May Ma* v. *Barber*, 357 U.S. 185 (1958).

The term "entry" is defined in section 101(a)(13) of the Act. The applicant cannot be held in exclusion proceedings if he made an "entry" into the United States at San Ysidro on August 26, 1972, and if he has not departed since that date. See *Matter of Farmer*, 14 I. & N. Dec. 737 (BIA 1974); *Matter of Hoffman-Arvayo*, 13 I. & N. Dec. 750 (BIA 1971). The section 101(a)(13) definition of "entry is applicable to all sections of the Act, and therefore is used in making determinations under the criminal provisions of section 275 of the Act. Consequently, the court's determination that the applicant made an illegal "entry" under section 275 of the Act, if binding in these exclusion proceedings, would require termination of the proceedings.

The doctrine of collateral estoppel is derived from the doctrine of res judicata. According to the doctrine of collateral estoppel, when a matter previously litigated, and necessary to the judgment in the prior case, arises in the course of subsequent litigation between the same parties upon a different cause of action, the judgment in the prior case operates as an estoppel. *Cromwell* v. *County of Sac*, 94 U.S. 351, 353 (1877); *Tait* v. *Western Md. Ry. Co.*, 289 U.S. 620, 623 (1933); *Commissioner* v. *Sunnen*, 333 U.S. 591, 598 (1948); *Lawlor* v. *National Screen Service Corp.*, 349 U.S. 322, 326 (1955). The policy basis for the doctrine of collateral estoppel is the interest of the public and the parties in preventing relitigation of previously determined issues.

"Ordinarily a court decision will be res judicata in a later administrative proceeding in the same circumstances in which it would be res judicata in a later judicial proceeding." 2 K. Davis, Administrative Law Treatise, section 18.11, at 619 (1958, Supp. 1970). We have applied the doctrine of collateral estoppel to prevent the relitigation of issues that have been determined in previous court litigation between the Government and the alien. *Matter of Z—*, 5 I. & N. Dec. 708 (BIA 1954); *Matter of Campos*, 13 I. & N. Dec. 148 (BIA 1969); *Matter of Grandi*, 13 I. & N. Dec. 798 (BIA 1971). The doctrine has also been applied by federal

courts to prevent the relitigation of issues determined in previous court proceedings under the immigration laws. *Pena-Cabanillas* v. *United States*, 394 F.2d 785 (9 Cir. 1968); *United States* v. *Rangel-Perez*, 179 F. Supp. 619 (S.D. Cal. 1959); see *Anselmo* v. *Hardin*, 253 F.2d 165 (3 Cir. 1958).

In *Matter of Grandi*, supra, we concluded that collateral estoppel was applicable to exclusion proceedings. Our holding in that case was that the applicant was estopped from contending that he was brought to the United States against his will where, in criminal proceedings, a court had considered the same contention and had found that the applicant came to the United States voluntarily.

In *Title* v. *INS*, 322 F.2d 21 (9 Cir. 1963), rev'g *Matter of T—*, 9 I. & N. Dec. 127 (BIA 1960), the court held that a determination of Communist Party membership in a denaturalization proceeding did not estop the alien from disputing such membership when the issue arose in a subsequent deportation hearing. We distinguished that case in *Matter of Grandi*, supra.

Collateral estoppel is not an inflexible doctrine. It may be modified or rejected when its application "would contravene an overriding public policy or result in manifest injustice." *Tipler* v. *E. I. duPont deNemours & Co.*, 443 F.2d 125, 128 (6 Cir. 1971).

In the present case, the Government brought the charge of illegal entry, and the court accepted the applicant's plea of guilty. As a consequence of the conviction for illegal entry, the applicant served a prison sentence, and he is now subject to the provision of section 275 which makes any subsequent conviction a felony punishable by a fine of $1,000 or two years in prison, or both.

We conclude that since the Government has chosen to subject the applicant to the serious consequences flowing from an illegal "entry" into the United States, the doctrine of collateral estoppel should be applied to prevent the Government from denying the fact of such "entry" for the purposes of this exclusion proceeding. See *Matter of Grandi*, supra. There is certainly no manifest injustice in this approach, nor does the result violate any overriding public policy. Public policy would seem to favor consistency in the Government's dealings with individuals under the various provisions of the immigration laws.

The appellate trial attorney has suggested that the conviction for illegal entry was erroneous (Oral argument, p. 14). Nevertheless, the Government has taken no action to have the judgment vacated and the charge dismissed. Moreover, the sentence imposed on the applicant has already been executed.

The Government had its opportunity to litigate the issue of "entry." We hold that it should now be bound by the court's determination that an "entry" into the United States was made on August 26, 1972. Con-

sequently, these exclusion proceedings are improper and will be termi-
nated. See *Matter of Farmer*, supra.

ORDER: The appeal is sustained, and the proceedings are termi-
nated.