## MATTER OF SILVA

### In Exclusion Proceedings

### A-13670171

*Decided by Board December 4, 1975*

Evidence that the wife and children of applicant, a lawful permanent resident, live in Mexico and that applicant visits them does not, by itself, establish that he is a commuter. It must be shown that he himself resides in Mexico. In the absence of such a showing, it has not been established that he is a commuter. Hence, applicant's overnight departure to Mexico to visit his family was an innocent, casual and brief excusion within the ambit of *Rosenberg v. Fleuti*, 347 U.S. 449, and upon his return he did not make an "entry" within the meaning of section 101(a)(13) of the Immigration and Nationality Act upon which to predicate a ground of exclusion.

EXCLUDABLE: Act of 1952—Section 212(a)(5) [8 U.S.C. 1182(a)(5)]—Narcotic drug addict—chronic alcoholic.

ON BEHALF OF APPLICANT:   Edwin W. Sano, Representative
Legal Aid Society of San Diego
3040 Imperial Avenue
San Diego, California 92102

This is an appeal from an order of an immigration judge, dated May 15, 1975, in which he found the alien inadmissible and ordered his exclusion from the United States. The appeal will be sustained.

The alien, a native and citizen of Mexico, was admitted to the United States for lawful permanent residence on September 6, 1963. He departed from the United States for Mexico on or about October 12, 1973 and, when he reapplied for admission the next day, he was referred to the immigration judge for an exclusion hearing. The alien was charged with being excludable under section 212(a)(5) of the Immigration and Nationality Act as an alien who is a narcotic drug addict and a chronic alcoholic. Two Class A medical certificates were entered into evidence in support of these charges.

The alien claims that his departure was brief, casual and innocent and that, therefore, as a lawful permanent resident, he did not make an "entry" within the meaning of section 101(a)(13) of the Act as interpreted by the Supreme Court in *Rosenberg v. Fleuti*, 347 U.S. 449 (1963). He contends that, since he did not make an entry, he is not

subject to the exclusion provisions of the Act. *Matter of Farmer*, 14 I. & N. Dec. 737 (BIA 1974); *Matter of Pierre*, 14 I. & N. Dec. 467 (BIA 1973). The Service, however, argues that the applicant is a commuter and as such is not within the *Fleuti* doctrine. *Matter of Diaz*, Interim Decision No. 2443 (BIA October 28, 1975) *Matter of Hoffman-Arvayo*, 13 I. & N. Dec. 750 (BIA 1971); *Matter of Moore*, 13 I. & N. Dec. 711 (BIA 1971).

The resolution of this case depends on whether the applicant is, in fact, a commuter inasmuch as the applicant's departure otherwise falls within the ambit of *Fleuti*.

The Service asserts that the applicant has been a commuter. It has the burden of establishing that he is. On this record, it has not met its burden. See *Matter of Hoffman-Arvayo*, *supra*; *Matter of Kane*, Interim Decision No. 2371 (BIA 1975); and *Matter of Becerra-Miranda*, 12 I. & N. Dec. 358 (BIA 1967).

A "commuter" is an alien lawfully admitted for permanent residence who has employment of a permanent nature in the United States, and who possesses the right to take up physical residence in the United States although he does not elect to do so, but usually returns to his actual home in Canada or Mexico every night. *Matter of Moore, supra.* There are two types of commuters, those who commute regularly, normally entering at least twice weekly, and those who enter to perform seasonal work for extended periods, but whose annual stay in the United States is for less than six months. *Matter of Hoffman-Arvayo*, *supra*.

No evidence was presented at the hearing that the applicant had ever been classified administratively as a commuter. On the basis of the applicant's testimony at the hearing, the immigration judge concluded that he is a commuter. The testimony on this issue, however, is unclear and its appears that the applicant may have been confused. He testified that he has lived with his mother in the United States (Tr. pp. 5, 11, 16) and had left the United States on October 12, 1973 only in order to visit his wife and children, who were living in Mexico. At the same hearing he also testified that he has lived with his wife both in the United States and Mexico since his marriage in 1970, although he stated that they were separated due to marital problems in 1973 (Tr. p. 5). He also claimed that he visited his family in Mexico about twice a week and on the weekends (Tr. p. 11). He said that his wife was living with her family and therefore his visits lasted only a few hours (Tr. p. 18).

Evidence that the applicant's wife and children live in Mexico and that the alien visits them does not, by itself, establish that the applicant is a commuter. See *Matter of Hoffman-Arvayo*, *supra*. It must be shown that he himself resides in Mexico. On the record before us the Service has failed to establish such residence.

On this record, we conclude that the applicant's departure was an innocent, casual and brief excursion which does not subject him to the consequences of an "entry." *Rosenberg* v. *Fleuti, supra.* Accordingly, the appeal will be sustained, the order of exclusion will be withdrawn, and the applicant's admission as a returning resident will be ordered.

ORDER: The appeal is sustained and the applicant is admitted to the United States as a returning resident.