**Abdelrehim Mohamed KEWAN, aka Abdel Kiwan, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent,**

**Northwest Immigrant Rights Project, Applicant—Intervenor.**

No. 04–70630.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2006.

Decided March 15, 2006.

Jonathan D. Montag, Esq., Law Offices of Jonathan D. Montag, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, TROTT, and BEA, Circuit Judges.

MEMORANDUM *

Petitioner, Abdelrehim Mohamed Kewan, appeals the order of the Board of Immigration Appeals (BIA) denying his adjustment of status. We dismiss in part and deny in part Kewan's appeal.

We dismiss for lack of jurisdiction Kewan's claim that the BIA erred in denying his adjustment of status. Adjustment of status determinations are discretionary and, therefore, unreviewable pursuant to 8 U.S.C. § 1252(a)(2)(B)(i). *See Romero-Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003).

We deny Kewan's remaining claim that he was denied due process of law in the conduct of his removal proceeding. While an Immigration Judge's refusal to allow an alien to present evidence in support of the alien's claim may violate due process, *see Lopez–Umanzor v. Gonzales,* 405 F.3d 1049, 1056–57 (9th Cir.2005), Kewan's due process rights were not violated by the Immigration Judge's failure to inform Kewan ahead of time that she would deny relief based, in part, on doubts about the legitimacy of his marriage and his status as a battered spouse, *see Matter of Bark,* 14 I. & N. Dec. 237, 239–40, 1972 WL 27445 (BIA 1972) (Immigration Judge "must decide whether the alien qualifies for entry, irrespective of any prior determinations."), *rev'd sub nom. on other grounds, Bark v. INS,* 511 F.2d 1200, 1202 (9th Cir.1975).

**DISMISSED in part; DENIED in part.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.