## MATTER OF LI

### In Deportation Proceedings

### A-15655689

*Decided by Board July 10, 1967*

Section 291 of the Immigration and Nationality Act, as amended, which is concerned with burden of proof, cannot serve as a basis on which to predicate a charge of deportability for failure of respondent to meet the burden of proof as to the time, place, and manner of his entry into the United States.

CHARGES:

Order : Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered after being refused permission to land temporarily as a crewman.

Lodged: Act of 1952—Section 291 [8 U.S.C. 1361]—Failure to establish the time, place and manner of entry into the United States as required.

ON BEHALF OF RESPONDENT: Thomas A. Church, Esquire
94 Bayard Street
New York, New York 10013
(Brief filed)

This is an appeal from the decision of a special inquiry officer finding respondent deportable, ordering his deportation to Hong Kong or if not accepted there then to the Republic of China on Formosa.

The record relates to a 39-year-old married male alien, a native of China and a citizen of the Republic of China on Formosa, who entered the United States at the port of Philadelphia, Pennsylvania on or about November 8, 1962 after having been refused admission by an officer of the United States Immigration and Naturalization Service. Deportability as charged was not conceded.

Respondent has been represented by counsel at each step in these proceedings. At the hearing held before the special inquiry officer respondent admitted the first three allegations contained in the order to show cause, to wit, that he was not a citizen or national of the United States, that he was a native of China and a citizen of the Republic of China on Formosa, and that he arrived in the United States at Philadelphia, Pennsylvania on or about November 8, 1962

293

However, upon advice of counsel, he refused to testify relative to the allegation that at the time he arrived in the United States he was examined and refused permission to land temporarily as a crewman (Allegation No. 4) and that he entered the United States at Philadelphia, Pennsylvania on November 8, 1962 after he was refused permission to land temporarily as a crewman (Allegation No. 5). Respondent, after answering several other questions relative to his residence abroad, his marital status, etc. refused, upon advice of counsel, to answer any further questions. This he had the right to do. It is not necessary for us in this case to evaluate the effect of his refusal to testify since deportability on the grounds and for the reasons hereinafter set forth is amply established.

We hold that the introduction into evidence of the alien crewman's landing permit and identification card (Ex. 3) and the crewman's landing permit (Ex. 2) were entirely proper. Both forms clearly refer to the respondent and the crewman's landing permit which is a record kept in the regular course of business by the Immigration Officer is clearly marked to show that respondent was refused permission to enter the United States at Philadelphia, Pennsylvania on November 8, 1962. Respondent did enter the United States at Philadelphia on November 8, 1962 a fact which he conceded by admitting Allegation No. 3 in the order to show cause. The conclusion is inescapable from these facts that respondent entered illegally.

Having found respondent deportable under section 241 (a) (2), Immigration and Nationality Act, it is not essential to the disposition of this case for us to rule on the contention in the appeal that the lodging of a charge of deportability under section 291, Immigration and Nationality Act, was improper and invalid. However, for reasons set forth below we wish to consider this question. In pertinent part section 291 provides as follows:

> In any deportation proceeding under Chapter 5 against any person, the burden of proof shall be upon such person to show the time, place and manner of his entry into the United States . . . If such burden of proof is not sustained, such person shall be presumed to be in the United States in violation of law.

The precise question is whether a charge of deportation can be based upon the provisions of section 291. We are unable to find that this question has even been adjudicated, either judicially or administratively. It would appear thus to be a matter of first impression. A review of the legislative history of section 291 throws no light upon this question.

Section 291 is contained in Chapter 9 of the Act, which chapter is entitled "Miscellaneous." The specific heading of section 291 is "Burden of Proof." If the provisions of section 291 had been intended to set

forth grounds for deportation it would seem logical that such provisions would appear in Chapter 5 "Deportation," under section 241 which enumerates specific grounds for deportation. We know of no deportation charges ever having been made under any section of the Act other than section 241. Section 291 is concerned with the burden of proof under certain circumstances and nothing more. Even the specific wording of the applicable portion of section 291 bears this out. It states: "In any deportation proceeding *under Chapter 5* against any person the burden of proof . . ." (Emphasis supplied.) This wording contemplates that a charge of deportation has been made under Chapter 5 after which the provisions of section 291 regarding burden of proof come into play. If the alien does not meet such burden of proof as to the time, place and manner of entry into the United States then under section 291 he is presumed to be in the United States in violation of law. This being the case he would be subject to deportation under section 241(a)(2), not under section 291.

We thus hold that section 291 cannot be a basis for a charge of deportation.

We conclude that deportation under section 291, Immigration and Nationality Act, was improperly ordered, but that deportability has been established under section 241(a)(2), Immigration and Nationality Act, and the facts supporting deportation are based upon evidence that is clear, unequivocal and convincing.

ORDER: It is hereby ordered that the appeal as it relates to section 291 of the Immigration and Nationality Act is sustained, but that the appeal in relation to section 241(a)(2) of the Act is dismissed and the decision of the special inquiry officer ordering that respondent be deported under section 241(a)(2) is affirmed.