MATTER OF ORTEGA-MOJARO

In Deportation Proceedings

A-19107467

*Decided by Board October 2, 1970*

Under the authority of section 287, Immigration and Nationality Act, the immigration officer had the power without a warrant to detain and interrogate respondent on April 8, 1970, when he was a passenger in an automobile in Los Angeles County, California, as to his right to be or remain in the United States. Further, under 8 CFR 287.1(a)(1) and (2), the immigration officer had authority to apprehend respondent within a "reasonable distance" of an external border of the United States, which is defined by those regulations as 100 air miles from a border.*

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection.

ON BEHALF OF RESPONDENT: David C. Marcus, Esquire
215 West Fifth Street
Los Angeles, California 90013

The respondent appeals the decision of the special inquiry officer finding him deportable as charged, denying his application for voluntary departure and ordering that he be deported to Mexico on the charge contained in the order to show cause. The appeal will be dismissed.

The respondent is a 45-year-old male alien, who testified at the deportation hearing that he was not a citizen or national of the United States but was a native and citizen of Mexico. The respondent, on advice of counsel, refused to furnish any information at the hearing as to the time, place and manner of his entry into the United States. He did request the privilege of voluntary departure, but this was properly denied by the special inquiry officer because the respondent refused to testify as to his eligibility for such relief.

---

* Affirmed, *Ortega-Mojaro* v. *INS*, No. 26580, C.A. 9, May 11, 1971; cert. den., No. 71-5014, Oct. 19, 1971.

The respondent admitted, as alleged in the order to show cause, that he was not a United States citizen. Therefore, under section 291 of the Immigration and Nationality Act, 8 U.S.C. 1361, the burden of proof is upon him to show the time, place and manner of his entry into the United States. Since he has failed to do this he is deportable under section 241(a)(2) of the Act as an alien who entered without inspection.

Counsel contends that the respondent's apprehension in the United States was without probable cause and, therefore, the order to show cause was invalid. In answer to this, we simply point out that the respondent's deportability has been established by evidence that is clear, unequivocal and convincing aside from any evidence adduced by the immigration officer who apprehended the respondent on April 8, 1970 when he was a passenger in an automobile in Los Angeles County, California. Referring to the respondent's arrest, we find that the officer was acting within the authority granted to him by section 287 of the Immigration and Nationality Act in that he had the power without a warrant to interrogate any alien or person believed to be an alien as to his right to be or remain in the United States. The officer further had the right under 8 CFR 287.1(a)(1) and (2) to apprehend the respondent within a reasonable distance of an external border of the United States which, under said regulation, is defined as 100 air miles from a border. The immigration officer's power under said section 287 to detain a suspected alien for interrogation has been fully discussed and defined in *United States* v. *Miranda*, 426 F.2d 283 (9 Cir., 1970) and *Yam Sang Kwai* v. *INS*, 411 F.2d 683 (D.C. Cir., 1969), cert. denied 396 U.S. 877.

Counsel's statement in the appeal that the respondent was denied a fair and impartial hearing is totally without foundation. He was given every opportunity to offer evidence that he was legally entitled to enter and remain in the United States, but not one shred of evidence in this respect was proffered.

Accordingly, the appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.