Ambrocio **MONARREZ–MONARREZ,** Petitioner,

v.

**IMMIGRATION AND NATURALIZA- TION SERVICE, Respondent.**

**Raudel ORTEGA–MORJARO,** Petitioner,

v.

**IMMIGRATION AND NATURALIZA- TION SERVICE, Respondent.**

Nos. 72–1397, 72–1432.

United States Court of Appeals, Ninth Circuit.

Dec. 21, 1972.

John F. Sheffield (argued), Norman B. Silver, John L. Hogg, Los Angeles, Cal., David C. Marcus (argued), Los Angeles, Cal., for petitioners.

Carolyn M. Reynolds, Asst. U. S. Atty. (argued), Frederick M. Brosio, Jr., Asst. U. S. Atty., William D. Keller, U. S. Atty., Los Angeles, Cal., Henry E. Peterson, Asst. Atty. Gen., Washington, D. C., Joseph Surreck, Regional Counsel, I&NS, San Pedro, Cal., Stephen Suffin, Atty., I&NS, San Francisco, Cal., for respondent.

Before BROWNING, HUFSTEDLER and WALLACE, Circuit Judges.

PER CURIAM:

Ortega-Morjaro ("Ortega") seeks review of an order of the Board of Immi-

gration Appeals denying his motion to reopen his deportation proceedings. Monarrez-Monarrez ("Monarrez") petition is procedurally identical to Ortega's. Ortega surreptitiously entered the United States sometime in 1968 without inspection or authorization. He thereafter fathered a child born in the United States. In 1967, Monarrez entered this country concealed in an automobile trunk. He later married an American citizen. Each was ordered deported under section 241(a)(2) because he entered without inspection.

Both petitions raise the same issue: Is an alien who "entered the United States without inspection" (Immigration and Nationality Act § 241(a)(2), 8 U. S.C. § 1251(a)(2),[1] who was "otherwise admissible at the time of entry [and] who is the spouse, parent, or child of a United States citizen" (Immigration and Nationality Act § 241(f), 8 U.S.C. § 1251(f) saved from deportation because entry without inspection constitutes "entry into the United States [procured] by fraud or misrepresentation" (id.) within the meaning of section 241 (f)?[2]

Relief under section 241(f) has been extended only to those aliens, otherwise qualified, who have committed fraud in obtaining entry papers (e. g., Immigration and Naturalization Service v. Errico (1966) 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318; Muslemi v. Immigration and Naturalization Service (9th Cir. 1969) 408 F.2d 1196; Godoy v. Rosen-berg (9th Cir. 1969) 415 F.2d 1266) or who made misrepresentations when interrogated at a port of entry (Lee Fook Chuey v. Immigration and Naturalization Service (9th Cir. 1971) 439 F.2d 244) and whose fraud or misrepresentations directly resulted in the deportation charge against them (Errico, Muslemi, Godoy, and Lee Fook Chuey, supra).

Section 241(f) cannot be expanded to include petitioners. Fraud and misrepresentation cannot be equated to surreptitious entry without bending the language of sections 241(a)(2) and 241(f) into shapelessness and without ignoring the history of section 241(f) recited in Errico. If petitioners' reading of section 241(f) were adopted, no alien who illegally entered this country and who was not otherwise inadmissible could be deported by reason of his illegal entry after he acquired the requisite family ties. Congress had no such alien bonanza in mind.

Petitioners entered without inspection, the violation of section 241(a)(2) with which they were charged in the deportation order. They were not charged with fraud, and they did not commit any fraud or make any misrepresentations to gain entry. Their position is directly analogous to the stowaway to whom section 241(f) was held inapplicable in Gambino v. Immigration and Naturalization Service (2d Cir. 1970) 419 F.2d 1355, cert. denied, 399 U.S. 905, 90 S.Ct. 2195, 26 L.Ed.2d 559.

Affirmed.

---

1. In pertinent part § 241(a)(2) provides:
 "(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—
 " . . . .
 "(2) entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this chapter or in violation of any other law of the United States . . . ."

2. Section 241(f) provides:
 "(f) The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence."