MATTER OF FEREIRA

In Deportation Proceedings

A-19909351-2

*Decided by Board December 14, 1973*

(1) Respondent, who maintains that he does not remember the circumstances surrounding the time, place, and manner of his last entry into the United States, has failed to sustain the burden of proof as to the nature of his entry required under section 291 of the Immigration and Nationality Act. In the absence of evidence to negate the presumption of unlawful status established by section 291 of the Act, the presumption applies and supports deportation on a charge of entry without inspection under section 241(a)(2) of the Act.

(2) An alien must bear the burden of proof in establishing the applicability of section 241(f) of the Act, as amended, to his case. Since respondent has failed to establish that his last entry was accomplished other than surreptitiously, he has not carried his burden of proof to establish the applicability of the provisions of section 241(f) to his case.

CHARGES:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection (respondent No. 1).

Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant— remained longer (respondent No. 2).

ON BEHALF OF RESPONDENTS: David C. Marcus, Esquire
215 West Fifth Street
Los Angeles, California 90013

The respondents have appealed from a decision of an immigration judge, dated September 11, 1972, which found them deportable, but granted them the privilege of voluntary departure. The appeal will be dismissed.

The respondents are husband and wife. They are natives and citizens of Mexico. The female respondent has admitted the truth of the factual allegations contained in the Order to Show Cause, but has denied deportability. She contends that the provisions of section 241(f) of the Immigration and Nationality Act exempt her from deportation. By her own admission she entered as a nonimmigrant. She has remained for a longer period than she was authorized and it is on this basis that the Service alleges deporta-

bility. Under these circumstances the benefit of section 241(f) is not available to her. *Cabuco-Flores* v. *INS*, 477 F.2d 108 (C.A. 9, 1973); *Matter of Mangabat*, Interim Decision No. 2131 (BIA 1972). We therefore conclude that her deportability has been established by clear, convincing and unequivocal evidence.

The male respondent was charged with being deportable for having entered the United States without inspection. At the hearing, the Service contended that his last entry into this country was effected surreptitiously. The male respondent admitted that one of his three entries had been accomplished in this manner, but asserted that he did not remember how he last entered. The Service did not introduce independent proof in this regard. In finding the male respondent deportable, the immigration judge relied on section 291 of the Act, which requires an individual in deportation proceedings to prove the time, place and manner of his entry into the United States. That section further specifies that if this burden is not sustained, the person "shall be presumed to be in the United States in violation of law."

The male respondent maintains that he does not remember the circumstances surrounding the time, place and manner of his last entry. He obviously has not sustained his burden of proof under section 291. He has conceded that he is an alien, he has admitted making a surreptitious entry and he has failed to prove that his last entry was accomplished in any other manner. Consequently, the presumption established by section 291 becomes operative. Although that section of the Act does not specify the precise nature of the presumed unlawful status, for it to have any relevance the presumption must operate in conjunction with the provisions of section 241(a) of the Act. See *Matter of Li*, 12 I. & N. Dec. 293 (BIA 1967). We therefore conclude that the presumption extends to a charge under section 241(a) which relates to the "manner" in which an alien may have entered the country.

In this case, there exists significant evidence that the male respondent entered surreptitiously. The Service was therefore justified in charging him with being deportable as an alien who entered without inspection. Since this charge relates to the "manner" of an entry, we hold that the presumption applies, and the male respondent, not having sustained his burden of proof, is deportable as charged. See *Ah Chiu Pang* v. *INS*, 368 F.2d 637 (C.A. 3, 1966), cert. denied, 386 U.S. 1037 (1967); *Vlisidis* v. *Holland*, 245 F.2d 812 (C.A. 3, 1957); *Matter of Ortega-Mojaro*, 13 I. & N. Dec. 838 (BIA 1970), affirmed, *Ortega-Moharo* v. *INS*, 441 F.2d 658 (C.A. 9), cert. denied, 404 U.S. 886 (1971); *Matter of Wong*, 13 I. & N. Dec. 820 (BIA 1971); *Matter of R—S—*, 7 I. & N. Dec. 271, 273 (A.G. 1956). In the absence of any evidence to negate the presumption, the

alien is deemed to be here in violation of law, and we hold that this statutory mandate is sufficient to satisfy the burden of proof requirements set forth in *Woodby* v. *INS*, 385 U.S. 276 (1966).

The male respondent has also raised the issue of the applicability of section 241(f) to his case. Section 241(f) is not a discretionary remedy. Instead, that provision mandates that an alien who meets its conditions shall not be deported on any charge to which the section applies. Basically, section 241(f) will save an alien from deportation if: (1) the charge against the alien directly relates to his procurement of entry or documentation by fraud or misrepresentation; (2) the alien was otherwise admissible at entry; and (3) the alien has one of several family ties to a United States citizen or alien lawfully admitted for permanent residence.

To a large extent these criteria involve information which is not readily available to the Government, but by its nature is known to any alien in question. Thus, it is the alien, and not the Service, who will be aware of any qualifying familial relationship he may possess. It is the alien who will have information regarding his past activities and residences, and therefore will know the facts relevant to an inquiry regarding the "qualitative" provisions of the Act. Since section 241(f) affords a benefit to aliens who would otherwise be deportable, and since the Service in general would not accurately be able to determine the applicability of this provision in the absence of an alien's cooperation, it would be inappropriate to require that the Service shoulder the burden of proof on this issue. Consequently, we hold that it is the alien who must bear the burden of proof in establishing the applicability of section 241(f) to his case.

In this instance the male respondent's failure to establish that his entry was accomplished other than surreptitiously is of primary importance from the standpoint of section 241(f). Its importance stems from the fact that the benefit of section 241(f) is not available to one who entered surreptitiously. *Monarrez-Monarrez* v. *INS*, 472 F.2d 119 (C.A. 9, 1972). Since the male respondent has not resolved this major question regarding the nature of his entry, we must conclude that he has not carried his burden of proof to establish that he is entitled to the benefit of section 241(f).

Finally, the respondents have failed to direct our attention to a single example of the other errors which they allege were committed by the immigration judge. Moreover, we have found no impropriety which could have had an impact on the decision in this case. The decision of the immigration judge was correct. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the

respondents are permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondents shall be deported as provided in the immigration judge's order.