MATTER OF CHECA

In Deportation Proceedings

A-20514506

*Decided by Board April 11, 1974*

Respondent, who is charged with deportability under section 241(a)(1) of the Immigration and Nationality Act for lack of the required immigrant visa at entry, and who, on the facts, could equally have been charged with entry without inspection under section 241(a)(2) of the Act, both independent grounds for deportation, cannot qualify for the benefits of section 241(f) of the Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable as an immigrant not in possession of valid documents under section 212(a)(20).

ON BEHALF OF RESPONDENT:
David F. Aberson, Esquire
1801 Avenue of the Stars, No. 900
Los Angeles, California 90067

ON BEHALF OF SERVICE:
Reese B. Robertson
Trial Attorney

This is an appeal from an order of an immigration judge finding the respondent to be deportable, denying his request for termination of the proceedings, and granting voluntary departure. The appeal will be dismissed.

Respondent is a 31-year-old married alien, a native and citizen of Ecuador, who entered the United States for the first time on or about December 24, 1972 for the purpose of working here and who did not then possess or present the immigrant visa required of intending immigrants. On December 30, 1972, an Order to Show Cause was issued in deportation proceedings, charging that he was deportable under section 241(a)(1) of the Immigration and Nationality Act because he was inadmissible at entry under section 212(a)(20) of the Act for lack of the required immigrant visa. At a hearing before an immigration judge on March 1, 1973, at which he was represented by present counsel, respondent admitted the truth of the factual allegations of the Order to Show Cause but denied that he was deportable as charged.

Respondent, who understands little English, testified through a Spanish interpreter that he had come from Ecuador to Mexico;

that he was brought to the United States port of entry at San Ysidro in a car driven by a Spanish-speaking stranger whom he had met in Mexico; that he had not paid the stranger any money; that at immigration inspection at the border, the immigrant inspector had asked respondent if he was Mexican and respondent had replied in English that he was an American citizen; and that respondent had been admitted as such. Respondent's alien wife had preceded him to the United States and had given birth on September 17, 1972 to a child who is a United States citizen. On the basis of respondent's visaless admission on an allegedly fraudulent citizenship claim and parentage of a United States citizen child, counsel asserted that respondent is saved from deportation by the terms of section 241(f) of the Act.

The immigration judge found respondent's account of the circumstances of his entry incredible and rejected it. The immigration judge found as fact that respondent had entered without the required immigrant visa, as alleged in the Order to Show Cause, and found it unnecessary to conjecture at the exact manner of respondent's entry, e.g., as an alien who had been smuggled in or who had effected surreptitious entry on his own by crossing the border without inspection. Respondent was granted the privilege of voluntary departure.

The charge that respondent entered without a visa is sustained by evidence which is clear, convincing and unequivocal. Not every such visaless entry by an alien with the requisite familial ties triggers termination under section 241(f). In the absence of fraud, the provisions of that subsection do not come into play. See *Cabuco-Flores* v. *INS*, 477 F.2d 108 at 110, fn. 3 (C.A. 9, 1973), ". . . 'However, the mere fact that the alien claims to have made a misrepresentation at the time of entry does not excuse him from deportation validly ordered on another charge, not related to the misrepresentation.'" Here, the "no visa" charge is not dependent on any finding of fraud. It would have been just as clearly established if the respondent had, as the immigration judge surmised, entered surreptitiously without inspection. The two charges, entry without inspection under section 241(a)(2) of the Act and entry without an immigrant visa in violation of section 212(a)(20) of the Act, are independent grounds for deportation. Either one will support deportation. Respondent would have gained nothing if there had been a charge and a finding that he entered without inspection, for such an entry does not encompass the fraud which is an indispensable ingredient under section 241(f), *Monarrez-Monarrez* v. *INS*, 472 F.2d 119 (C.A. 9, 1972).

On this record, the immigration judge was amply warranted in

rejecting as incredible respondent's account of his entry. Termination under section 241(f) was properly denied.

**ORDER:** The appeal is dismissed.

**Further order:** Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 15 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.