**Daphne Rayne MAHONE, nee Daphne Rayne Winslow, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA- TION SERVICE, Respondent.**

**No. 72–2326.**

United States Court of Appeals, Ninth Circuit.

Oct. 4, 1974.

---

12. *But see* United States v. Grasso, 55 F.R.D. 288, 291 (E.D.Pa.1972).

Frank S. Pestana (argued), of Kidwell & Pestana, Los Angeles, Cal., for petitioner.

Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

## OPINION

Before ELY and WALLACE, Circuit Judges, and THOMPSON,* District Judge.

GORDON THOMPSON, Jr., District Judge:

This is a petition for review of the order of the Immigration and Naturalization Service finding that petitioner Daphne R. Mahone was deportable under Section 241(a)(1) of the Immigration and Nationality Act. 8 U.S.C. § 1251(a)(1). Petitioner is alleged to have been excludable at the time of entry pursuant to Section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(20), in that she was an immigrant not in possession of a valid, unexpired immigrant visa. Jurisdiction is conferred upon this court by virtue of Section 106 of the Immigration and Nationality Act. 8 U.S.C. § 1105a. That section allows this court to review all final orders of deportation.

## FACTS

Petitioner Mahone is a Canadian native who has spent a great deal of her life in the United States. At one point in her immigration proceedings she claimed to be an American citizen, however, all efforts by the petitioner to prove her place of birth were unsuccessful and no documentary evidence has been submitted by petitioner to sustain her claim to United States citizenship.

Petitioner contends that she does not remember the circumstances surrounding her last entry into the country, that date being on or about October 31, 1960. Petitioner claims at that time, she was under the belief that she was a citizen of the United States and that she would have so indicated, had she been asked. She stated, however, that she did not remember whether she was asked or

---

* The Honorable Gordon Thompson, Jr., United States District Judge, Southern District of California, sitting by designation.

whether she made any representations. Consequently Mrs. Mahone was found to be a deportable alien under 8 U.S.C. § 1251(a)(1), an alien who was excludable by law at the time of entry.

### The Immigration Law

Petitioner now bases her argument against deportation upon a section of the Immigration Act which offers relief to persons who entered fraudulently but develop a familial relationship with citizens or permanent resident aliens. That section, 8 U.S.C. § 1251(f), provides:

> The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent or child of a United States citizen or of an alien lawfully admitted for permanent residence.

The Board of Immigration Appeals rejected petitioner's claim for relief contending that fraud was not an essential prerequisite of the charge for which she is being deported. The Board further stated that the petitioner had not submitted any evidence of any affirmative misrepresentations made by her at the time of entry into the United States.

██ The central issue, therefore, is whether an alien who enters without inspection or without documents and makes no representations either verbally or in writing is eligible for relief under § 1251(f). We believe the answer to be clearly no. As stated by this court in Monarrez-Monarrez v. Immigration & Naturalization Service, 472 F.2d 119 (9th Cir. 1972):

> Relief under § 241(f) has been extended only to those aliens, otherwise qualified, who have committed fraud in obtaining entry papers (e. g., Immigration and Naturalization Service

v. Errico, 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318 (1966); Muslemi v. Immigration & Naturalization Service, 408 F.2d 1196 (9th Cir. 1969); Godoy v. Rosenberg, 415 F.2d 1266 (9th Cir. 1969) or who made misrepresentations when interrogated at a port of entry (Lee Fook Chuey v. Immigration and Naturalization Service, 439 F.2d 244 (9th Cir. 1971)) and whose fraud or misrepresentations directly resulted in the deportation charge against them (*Errico, Muslemi, Godoy,* and *Lee Fook Chuey, supra*).

> Section 241(f) cannot be expanded to include petitioners. Fraud and misrepresentation cannot be equated to surreptitious entry without bending the language of sections 241(a)(2) and 241(f) into shapelessness and without ignoring the history of § 241(f) recited in *Errico.* If petitioners' reading of § 241(f) were adopted, no alien who illegally entered the country and who was not otherwise inadmissible could be deported by reason of his illegal entry after he acquired the requisite family ties. Congress had no such alien bonanza in mind. Monarrez-Monarrez v. Immigration & Naturalization Service, *supra,* at 120.

██ Petitioner Mahone entered without inspection, examination or interrogation of any kind according to her own testimony. While her entry was not a completely surreptitious entry as in Monarrez-Monarrez, *supra,* or Gambino v. Immigration and Naturalization Service, 419 F.2d 1355 (2d Cir. 1970) cert. denied, 399 U.S. 905, 90 S.Ct. 2195, 26 L.Ed.2d 559 (1970), it was nonetheless a complete bypass of the normal immigration requirements. This court has consistently held that the fraud must be one of actual misrepresentations to someone rather than avoidance of detection to come within the parameters of 8 U.S.C. § 1251(f).

The law, a product of human endeavor; is inevitably subject to some arbi-

trariness; yet to allow petitioner in this case to bypass deportation would do a greater injustice to the immigration laws this country has deemed necessary to establish.

The decision of the Board is affirmed.