## MATTER OF BURGOS

### In Deportation Proceedings

A–20354694

A–20353298

*Decided by Board April 25, 1975*

Under section 287 of the Immigration and Nationality Act, a Service officer is empowered, without warrant to interrogate an alien as to his right to be or remain in the United States, and to arrest an alien illegally here who is likely to escape before a warrant can be obtained. On appeal respondents' counsel contends that it was error not to grant his motion to suppress the evidence which he alleged was the result of an illegal arrest, and that it was also error to refuse him freedom to inspect the Service files relating to respondents, to discover the basis of the arrests; respondents' motion is denied. Where respondents admitted at the hearing that they were not United States citizens, under section 291 of the Act, they had the burden of proving the time, place and manner of entry into the United States. Since they failed to sustain that burden they are presumed to be in the United States in violation of law, and were therefore found deportable by clear, convincing and unequivocal evidence.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection (Both aliens).

ON BEHALF OF RESPONDENTS:  William H. Oltarsh, Esquire
225 Broadway
New York, New York 10007

This is an appeal from an order of an immigration judge, dated October 25, 1974, finding the respondents deportable as charged (entry without inspection) and denying their applications for voluntary departure. The appeal will be dismissed.

The respondents are husband and wife. The male respondent is 26 years old, a native and citizen of El Salvador, who entered the United States on or about March 14, 1972 without inspection by an officer of the Immigration and Naturalization Service. His wife is 25 years old, also a native and citizen of El Salvador, who entered the United States on or about April 9, 1974 without inspection by an officer of the Immigration and Naturalization Service. Both entries are in violation of section 241(a)(2) of the Immigration and Nationality Act. Each respondent

admitted entry into the United States without inspection by an officer of the United States Immigration and Naturalization Service.

The male respondent admitted (1) alienage (Tr. p. 10); (2) paying $225 to unidentified individuals to gain entry into the United States without inspection (Tr. p. 11). The female alien also admitted that she was an alien (native and citizen of El Salvador), who paid $200 to gain entry into the United States without undergoing inspection by an officer of the Immigration and Naturalization Service (Tr. pp. 11, 13). On the basis of the respondents' admissions, the immigration judge found the respondents deportable and denied their applications for voluntary departure in the exercise of discretion.

On appeal counsel has submitted a brief in which he contends (1) that prior to taking any testimony, he filed a motion to suppress the evidence so as to establish that as a result of the illegal arrest, search and seizure by immigration officers, the Immigration and Naturalization Service derived information showing illegal presence of the respondents in the United States; and (2) that the immigration judge erred in denying the respondents' request under the Freedom of Information Act to inspect the records to discover what basis immigration officers had to detain and seize the respondents.

We find no merit in any of counsel's contentions.

The motion to suppress was properly denied by the immigration judge. One who raises the claim questioning the legality of the evidence must come forward with proof establishing a prima facie case before the Service will be called on to assume the burden of justifying the manner in which it obtained the evidence, *Matter of Tang*, 13 I. & N. Dec. 691 (BIA 1971); *Matter of Wong*, 13 I. & N. Dec. 820 (BIA 1971).

Under section 287(a)(1) of the Act, an officer of the Immigration Service is empowered, without warrant, to interrogate any alien, or person believed to be an alien, as to his right to be or remain in the United States. Under section 287(a)(2), an officer may arrest any alien in the United States in violation of any law or regulation regulating the admission, exclusion or expulsion of an alien who is likely to escape before a warrant could be obtained for his arrest.

The courts have recognized that the detention and apprehension of aliens is a special law enforcement problem, *Laqui v. INS*, 422 F.2d 807 (C.A. 7, 1970); *United States v. Montex-Hernandez*, 291 F. Supp. 715 (E.D. Cal. 1968). As the court stated in *Montez-Hernandez*, supra, ". . . If immigration authorities were unable to question aliens as to their right to be in this country without some independent evidence that they were here illegally, their job would be impossible." In the instant case from the evidence of record it is concluded that the immigration officer was justified in interrogating the male respondent as to his status and in taking the male respondent into custody.

The record in this case does not disclose any evidence used against the respondents to establish deportability which was obtained as a result of any search or through arrest. Instead, the respondents argue, in effect, that their physical presence is the evidence to be suppressed as that presence was obtained illegally.

The general principle that the illegality of an arrest does not destroy a later valid proceeding has long been recognized by the Supreme Court and is still a valid rule of law, *Frisbie* v. *Collins*, 342 U.S. 519 (1952); *Ker* v. *Illinois*, 119 U.S. 421 (1886). This principle has been repeatedly upheld by the courts, *Guzman-Flores* v. *INS* and *Castellanos-Castillo* v. *INS*, 496 F.2d 1245 (C.A. 7, 1974); *Taylor* v. *Alabama*, 465 F.2d 376 (C.A. 5, 1972); *United States* v. *Woodring*, 446 F.2d 733 (C.A. 10, 1971); *United States* v. *Morris*, 445 F.2d 1233 (C.A. 8, 1971); *Autry* v. *Wiley*, 440 F.2d 799 (C.A. 1, 1971); *High Pine* v. *Montana*, 439 F.2d 1093 (C.A. 9, 1971); *LaFranca* v. *INS*, 413 F.2d 686 (C.A. 2, 1969).

At the hearing the respondents admitted that they were not United States citizens. They did not invoke the Fifth Amendment. Therefore, under section 291 of the Act, they bore the burden of proving the time, place and manner of their entry into the United States, *Matter of Ortega-Mojaro*, 13 I. & N. Dec. 838 (BIA 1970). Since they failed to sustain that burden, they are presumed to be in the United States in violation of law. The Service did not rely upon any statement taken or any evidence seized at the time of the respondents' arrest to establish deportability. Thus, even if the arrest was illegal, this would not invalidate the subsequent deportation proceedings, *Huerta-Cabrera* v. *INS*, 466 F.2d 79 (C.A. 7, 1972). See also: *Shing Hang Tsui* v. *INS*, 389 F.2d 994, 995 (C.A. 7, 1968); *Valeros* v. *INS*, 387 F.2d 92 (C.A. 7, 1967); and *Bilokumsky* v. *Tod*, 263 U.S. 149 (1923).

We reject counsel's statement on appeal that the respondents were denied due process and a fair hearing. The respondents were given an opportunity to offer evidence that they were legally entitled to remain in the United States, but not one shred of evidence was proffered. The immigration judge's finding of deportability was established by evidence that is clear, convincing and unequivocal. We find no abuse of discretion in the immigration judge's denial of voluntary departure. Accordingly, the following order will be entered.

ORDER: The appeal is dismissed.