MATTER OF CONNELLY

In Deportation Proceedings

A-23078346

*Decided by Board August 8, 1984*

(1) Section 241(f) of the Immigration and Nationality Act, 8 U.S.C. § 1251(f) (1982), only waives excludability grounds that existed at the time of an alien's entry into the United States.

(2) An alien who becomes admissible to the United States for permanent residence by virtue of his adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (1982), does not make an entry into the United States.

(3) The respondent's fraudulent act took place after he had entered the United States when he sought adjustment of status under section 245 of the Act; therefore, he was not excludable on the basis of this fraud at the time of an entry.

(4) The provisions of section 241(f) of the Act do not apply to frauds committed by the respondent when he was in the process of adjusting his status to that of a lawful permanent resident under section 245 of the Act.

CHARGE:
Order: Act of 1952—Sec. 241(a)(5) [8 U.S.C. § 1251(a)(5)]—Alien convicted under section 266(c) [8 U.S.C. § 1306(c)]

ON BEHALF OF RESPONDENT:
Eliot Gorson, Esquire
1606 Stockton Street, Suite 302
San Francisco, California 94133

ON BEHALF OF SERVICE:
Leonard A. Rosenberg
Assistant Chief Legal

Officer

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated January 21, 1983, an immigration judge found the respondent deportable as charged, denied an application from the respondent for relief from deportation under section 241(f) of the Immigration and Nationality Act, 8 U.S.C. § 1251(f) (1982), and ordered that he be deported to the Republic of Ireland. The respondent has appealed. The appeal will be dismissed.

The respondent is a native of England and a citizen of the United Kingdom. On July 21, 1978, he was admitted to the United States as a nonimmigrant visitor with authorization to remain until January 21, 1979. A month before the expiration of that

period, he married a citizen of the United States. On the basis of that marriage, his status was adjusted to that of a lawful permanent resident on April 12, 1979, under section 245 of the Act, 8 U.S.C. § 1255 (1976). That marriage was subsequently annulled by his spouse on February 11, 1982, on the ground that it was bigamous. Apparently, the respondent is the one who had two marriages.

On September 21, 1982, an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) was issued which alleges, inter alia, that the respondent was convicted on September 17, 1982, in the United States District Court for the Northern District of California for violating section 266(c) of the Act, 8 U.S.C. § 1306(c) (1982),[1] by making false statements on an application for alien registration, and, therefore, that he is deportable under section 241(a)(5) of the Act. The file contains a copy of the conviction record which indicates that the basis for the conviction was the fact that the respondent had omitted to state that he had been arrested, convicted, and confined in the United Kingdom.[2] As a result of the conviction for violating section 266(c), he was sentenced to imprisonment for a period of 6 months. The sentence, however, was suspended except for a 15-day period, and he was given credit in that regard for a 15-day period of imprisonment prior to the disposition of his case.

At a deportation hearing before the immigration judge on September 28, 1982, the respondent admitted the allegations in the Order to Show Cause with the assistance of counsel, and then he applied for relief from deportation under section 241(f) of the Act. We are satisfied that the respondent's deportability has been established with evidence that is clear, unequivocal, and convincing.

The pertinent part of section 241(f)(1) states as follows:

(A) The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable *at the time of entry* as aliens who have sought to procure or have procured visas or other documentation, or entry into the United States, by fraud or misrepresentation, whether willful or

---

[1] Section 266(c) provides as follows:
Any alien or any parent or legal guardian of any alien, who files an application for registration containing statements known by him to be false, or who procures or attempts to procure registration of himself or another person through fraud, shall be guilty of a misdemeanor and shall, upon conviction thereof, be fined not to exceed $1,000, or be imprisoned not more than six months, or both; and any alien so convicted shall, upon the warrant of the Attorney General, be taken into custody and be deported in the manner provided in chapter 5 of this title.

[2] The respondent claims that he committed two criminal offenses when he was a teenager, the second of which resulted in confinement at what we would call a "reform school."

innocent, may, in the discretion of the Attorney General, be waived for any alien (other than an alien described in subsection (a)(19) of this section) who—

> (i) is the spouse, parent, or child of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence; and

> (ii) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States *at the time of such entry* except for those grounds of inadmissibility specified under paragraphs (14), (20), and (21) of section 212(a) of this title which were a direct result of that fraud or misrepresentation.

> (B) A waiver of deportation for fraud or misrepresentation granted under subparagraph (A) shall also operate to waive deportation based on the grounds of inadmissibility *at entry* described under subparagraph (A)(ii) directly resulting from such fraud or misrepresentation. (Emphasis added.)

The respondent argued that the deportability charge was based upon a conviction for committing a fraud during the adjustment of status process; that this fraud could also have been a ground for exclusion under section 212(a)(19) of the Act, 8 U.S.C. § 1182(a)(19) (1982); [3] and, therefore, that he could be saved from deportation on the basis of the fraud by section 241(f). To satisfy the family relationship requirement, he testified that he was the father of a United States citizen child. The child is a product of the marriage which was annulled.

The immigration judge denied the respondent's application on the ground that he was not making an "entry" when he adjusted his status under section 245 of the Act and, therefore, that the provisions of section 241(f) would not apply to any frauds that were committed during that process. The immigration judge also held that section 241(f) would not save the respondent from deportation in any event, as that section does not apply to deportability based upon section 241(a)(5).

On appeal, the respondent contends that, in light of the strong humanitarian purpose of section 241(f) to provide relief from deportation in order to maintain the unity of families composed in part of a United States citizen, a distinction between an entry and an adjustment of status should not be dispositive. Rather than interpreting the provisions of section 241(f) literally, as the immigration judge did, the provisions of that section should be interpreted in a way that will effectuate its purpose. With this in mind, he notes that an alien who applies for adjustment of status is assimilated to the position of an alien seeking to enter the United States and

---

[3] Pursuant to section 212(a)(19) of the Act, an alien shall be ineligible to receive a visa and shall be excluded from admission if he "seeks to procure, or has sought to procure, or has procured a visa or other documentation, or seeks to enter the United States, by fraud, or by willfully misrepresenting a material fact."

such relief will be denied if he is excludable under any of the provisions of section 212(a) of the Act. He concludes that, therefore, adjustment of status is the equivalent of an entry into the United States.

The Service has taken the position that the decision of the immigration judge is correct.

We agree with the respondent's statement that the intent of Congress in enacting section 241(f) was to maintain the unity of families composed in part of United States citizens or lawful permanent residents. *Matter of Da Lomba,* 16 I&N Dec. 616 (BIA 1978). Nevertheless, it is apparent that section 241(f) only waives excludability grounds that existed "at the time of entry," and the term "entry" is a word of art that cannot be interpreted loosely. *See generally Matter of Lin,* 18 I&N Dec. 219 (BIA 1982); *Matter of Lewiston-Queenston Bridge,* 17 I&N Dec. 410 (BIA 1980); *Matter of Pierre,* 14 I&N Dec. 467 (BIA 1973). As used in the Immigration and Nationality Act, it means "any coming of an alien into the United States, from a foreign port or place or from an outlying possession." Section 101(a)(13) of the Act, 8 U.S.C. § 1101(a)(13) (1982). Consequently, as the respondent was not coming into the United States from a foreign port or place or from an outlying possession when he applied for adjustment of status, he was not making an entry at that time. We note that this is not inconsistent with the position that an alien applying for adjustment of status under section 245 is assimilated to the position of an alien who is making an entry. The only purpose of that "assimilation" is to decide whether the alien meets the requirement of section 245(a) that he be "admissible to the United States for permanent residence." If he is in the United States when he makes the application, as opposed to being in parolee status, he cannot be excluded under section 212(a) of the Act. At that point, he is only subject to expulsion in deportation proceedings under section 242 of the Act, 8 U.S.C. § 1252 (1982). *Matter of Pierre, supra.* If he were actually attempting to make an entry, he would be subject to exclusion proceedings. We conclude, therefore, that the provisions of section 241(f) do not apply to any frauds that the respondent committed when he was in the process of adjusting his status under section 245. *See Pereira-Barreira v. INS,* 523 F.2d 503 (2d Cir. 1975); *Khadjenouri v. INS,* 460 F.2d 461 (9th Cir. 1972); *Ferrante v. INS,* 399 F.2d 98 (6th Cir. 1968).

In view of our disposition of the "entry" issue, it is not necessary to address the question of whether section 241(f) applies to deportability based upon section 241(a)(5). We note, however, that a federal court of appeals has held that it does not apply to that ground of

deportability. *See DeLeon* v. *INS,* 547 F.2d 142 (2d Cir. 1976), *cert. denied,* 434 U.S. 841 (1977).

We conclude that the respondent has not met his burden of establishing eligibility for relief from deportation under section 241(f). *See Matter of Fereira,* 14 I&N Dec. 509 (BIA 1973).

Accordingly, the following order will be entered.

**ORDER:** The appeal is dismissed.