**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SILVIA JACKELINNE PERDOMO EUCEDA, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   15-72412 <br><br> Agency No. A088-512-668 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2019[**]
Pasadena, California

Before:  RAWLINSON, IKUTA, and BADE, Circuit Judges.

Silvia Jackelinne Perdomo Euceda petitions for review of the decision of the

Board of Immigration Appeals upholding the Immigration Judge's denial of her

motion to suppress evidence, and denial of her applications for asylum and

withholding of removal and protection under the Convention Against Torture.  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo whether Perdomo-Euceda established a prima facie case of an egregious constitutional violation, review the agency's factual findings for substantial evidence, *Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1444 (9th Cir. 1994), and deny the petition.

Perdomo-Euceda is a native and citizen of Honduras.[1] In her application for relief, Perdomo-Euceda claimed that she and her children were subjected to threats of gang violence in Honduras because she witnessed gang members abduct her cousin, who was later discovered dead. She claimed these threats continued for approximately three years before she fled to the United States. Perdomo-Euceda claimed that she fears harm from gangs if she returns to Honduras. The record reflects that Perdomo-Euceda's children remain in Honduras with their grandmother, apparently unharmed.

At hearings before the IJ, Perdomo-Euceda challenged the admissibility of Form I-213.[2] She argued that Customs and Border Protection agents seized her without reasonable suspicion or probable cause and therefore any statements attributed to her in the I-213 should be suppressed. Perdomo-Euceda submitted an

---

[1]  The BIA's decision erroneously states that Perdomo-Euceda is a native and citizen of El Salvador.

[2]  Form I-213 is a "Record of Deportable Alien." *See Espinoza v. INS*, 45 F.3d 308, 309 (9th Cir. 1995).

2

affidavit stating that she was "doing nothing wrong," and she was "taken into custody." At a hearing, she invoked her Fifth Amendment privilege against self-incrimination and refused to answer any questions about the circumstances of her arrest.

## I.

Generally, the exclusionary rule does not apply in immigration proceedings, *see INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050–51 (1984), however, it can apply "when the agency egregiously violates a petitioner's Fourth Amendment rights." *Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018), *reh'g en banc denied*, 919 F.3d 1193 (9th Cir. 2019). "A constitutional violation is not egregious unless 'evidence is obtained by deliberate violations of the [F]ourth [A]mendment.'" *Martinez-Medina v. Holder*, 673 F.3d 1029, 1034 (9th Cir. 2011) (alterations in original) (quoting *Gonzalez-Rivera*, 22 F.3d at 1449).

Under *Matter of Barcenas*, Perdomo-Euceda had an initial burden to "come forward with proof establishing a prima facie case" of a constitutional violation that would require suppression of evidence. 19 I. & N. Dec. 609, 611 (B.I.A. 1988) (quoting *Matter of Burgos*, 15 I. & N. Dec. 278, 279 (B.I.A. 1975)). If a petitioner makes this showing, the burden shifts to the government to justify the way it obtained the evidence. *See id.* Perdomo-Euceda does not challenge the procedure set forth in *Matter of Barcenas*, nor does she argue it was wrongly

3

decided. Instead, Perdomo-Euceda argues her evidence establishes a prima facie showing of an egregious constitutional violation. Her affidavit, however, did not provide any information about her encounter with agents or her arrest. Her limited hearing testimony also failed to provide any such information. Therefore, Perdomo-Euceda's evidence does not support her claim of an egregious constitutional violation and the government was thus not required to justify how it obtained its evidence. *See Matter of Barcenas*, 19 I. & N. at 611. The BIA properly denied Perdomo-Euceda's motion to suppress.

II.

Substantial evidence supports the BIA's conclusion that Perdomo-Euceda failed to provide a nexus between her fear of gang violence and any ground for asylum. *See Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001); *Grava v. INS*, 205 F.3d 1177, 1181–82 (9th Cir. 2000). To establish asylum eligibility, an applicant must show that she has a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1)(A). We uphold the BIA's decision unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992); *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).

4

Nothing in the record compels reversal of the BIA's determination that Perdomo-Euceda's generalized fear of possible gang violence lacks a nexus to any protected ground for asylum. On appeal, Perdomo-Euceda argues that she was persecuted due to her membership in a particular social group, namely, the members of the Euceda family who have knowledge of her cousin's abduction. Because Perdomo-Euceda failed to raise this argument to the BIA, it is not exhausted and we lack jurisdiction to consider it. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). Thus, Perdomo-Euceda's asylum claim and higher-standard withholding of removal claim both fail. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

### III.

Relief under CAT is granted when a petitioner proves "that it is more likely than not that he or she will be tortured in the country of removal." *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018); *see also* 8 U.S.C. § 1252(b)(4)(B). The torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Substantial evidence supports the BIA's determination that Perdomo-Euceda failed to show she would be subjected to torture by public officials, or with their consent or acquiescence, if she returned to Honduras.

Petition **DENIED.**

5