**TARIQ HAMID, Petitioner,**

v.

**U. S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 75–1110.

United States Court of Appeals, Ninth Circuit.

July 14, 1976.

Rehearing Denied Aug. 16, 1976.

Donald L. Ungar, San Francisco, Cal., for petitioner.

George W. Masterton, Jr., Atty., Dept. of Justice, Washington, D.C. for respondent.

Before WRIGHT and SNEED, Circuit Judges, and LUCAS, District Judge.*

PER CURIAM:

Hamid appeals from an order of the Board of Immigration Appeals affirming the decision of an immigration judge who denied his application for adjustment of status to permanent resident and found that petitioner was excludable pursuant to 8 U.S.C. § 1182(a)(23). We affirm the order of the Board.

Petitioner, a citizen of Pakistan, initially entered the United States in 1956 as a student and remained until 1966 when he returned to Pakistan. In 1968 he reentered this country and shortly thereafter married an American citizen. Subsequently, he applied for an adjustment of status to permanent resident in light of his marriage. It is the denial of this application which petitioner appeals.

■ An alien seeking to adjust his status from non-immigrant to that of permanent resident is assimilated to the position of an applicant for entry. *Campos v. I. N. S.,* 402 F.2d 758, 760 (9th Cir. 1968). Under the circumstances, the INS determined that the petitioner was excludable pursuant to the provisions of 8 U.S.C. § 1182 which reads in pertinent part:

(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

\*    \*    \*    \*    \*    \*

(23) Any alien who has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana, or who has been convicted of a violation of, or a conspiracy to violate, any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, marihuana, or any salt derivative or preparation of opium or coca leaves, or isonipecaine or any addiction-forming or addiction-sustaining opiate, or any alien who the consular officer or immigration officers know or have reason to believe is or has been an illicit trafficker in any of the aforementioned drugs;

The determination that the petitioner had been "an illicit trafficker" in drugs was based primarily on the statements of one Smith who had met petitioner in Pakistan during 1968. Smith, an employee at the American Embassy in Karachi, stated that the petitioner, upon learning that Smith was to return to the United States, asked him to transport a package containing what he said were cloth samples. Smith agreed.

---

* Honorable Malcolm M. Lucas, United States District Judge for the Central District of California, sitting by designation.

After his return and the arrival of his belongings, Smith noticed a strange smell emanating from the package. Becoming suspicious, he notified the police and the parcel was found to contain 3,700 grams of hashish. Smith identified a photograph of petitioner as the one who provided it.

Although petitioner was criminally charged as a result of these events, for reasons unknown he was never formally prosecuted. At petitioner's hearing before the immigration judge, he denied knowing Smith in Pakistan and stated that he never attempted to smuggle hashish into the United States. The immigration judge and the board accepted Smith's version of the events and concluded that petitioner was excludable pursuant to 8 U.S.C. § 1182(a)(23).

On appeal, petitioner does not challenge the veracity of Smith's statements but argues instead that even if correct, they do not justify his exclusion under § 1182(a)(23).

He argues that the language of the section makes it mandatory that the immigration officer conclude that petitioner is or has been an illicit trafficker before exclusion is justified. He contends further that since trafficking means the interchange of goods, the mere *supplying* of hashish for transportation does not constitute *trafficking* and therefore his exclusion under § 1182(a)(23) was improper.

■■ Even if we were to accept petitioner's definition of "trafficker," a point we do not reach, his argument would still fail. The language of the statute is "know or have reason to believe." Thus, the immigration officer need not know that an individual is or has been a trafficker in order to exclude that person. The officer is justified in acting if he has "reason to believe" that an individual is so engaged. Whether petitioner's conduct in asking Smith to carry the hashish to this country actually constituted "trafficking," we have no doubt that it provided a sound basis for believing that petitioner was a "trafficker." The conclusion of the immigration judge was based on reasonable, substantial and probative evidence and will be affirmed. *Kasravi v. I. N. S.,* 400 F.2d 675, 677 (9th Cir. 1958).

■ Petitioner also argues that the language "in any of the aforementioned drugs" as utilized in the final phrase in 8 U.S.C. § 1182(a)(23) does not encompass the drug hashish. Thus he argues that he is not excludable under the section. But the language clearly refers back to the earlier inclusion of marijuana as one of the drugs subject to the section. Petitioner's contention that a distinction for the purposes of applying this statute should be drawn between marijuana and hashish is without support. Both are derivatives of a common source and we hold in this context that marijuana is sufficiently general in scope to include hashish.

Finally, petitioner's due process contention has been reviewed and found to be without merit.

The order of the Board is affirmed.