Oscar **ROJAS–GARCIA** Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 99–71018.

INS No. A73–030–787.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.*

Decided Feb. 14, 2001.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before REINHARDT, WARDLAW, and GOULD Circuit Judges.

MEMORANDUM **

Oscar Rojas–Garcia, a native and citizen of Mexico, petitions for review of a final order of the Board of Immigration Appeals ("BIA") summarily dismissing his appeal from an Immigration Judge's decision finding him deportable based on a firearm offense and from the BIA's denial of his motion for reconsideration. Because we lack jurisdiction to review the petition, we dismiss.

This petition is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546, 3009–626–27 (1996), because the final agency order was entered after October 30, 1996, and deportation proceedings were pending before April 1, 1997. *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). Under the transitional rules, "there shall be no appeal permitted in the case of an alien who is ... deportable by reason of having committed a criminal of-

fense" enumerated in section 241(a)(2)(C) of the Immigration and Nationality Act ("INA"). *See* IIRIRA § 309(c)(4)(G).

Rojas–Garcia admitted to being convicted of a firearms offense, which is covered by section 241(a)(2)(C) of the INA. We must therefore dismiss this petition for review for lack of jurisdiction. *See Magana–Pizano v. INS*, 200 F.3d 603, 607 (9th Cir.1999) (holding that IIRIRA § 309(c)(4)(G) repealed this court's jurisdiction over petitions for review filed by aliens who are deportable for having committed enumerated criminal offenses, but did not repeal 28 U.S.C. § 2241); *Briseno v. INS*, 192 F.3d 1320, 1322 (9th Cir.1999) (no appellate jurisdiction over motions to reopen and reconsider under § 309(c)(4)(G)).

▉ Notwithstanding the plain statutory language, petitioner urges us to entertain jurisdiction on two bases. First he argues that because he challenges the constitutionality of INA § 212(a)(2)(C), resolution of the constitutional claim is a necessary part of the jurisdictional inquiry. *Sareang Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir.2000) (when determination of the merits is necessary to determine jurisdiction, "the jurisdictional question and the merits collapse into one"). We have held that "the terms of [IIRIRA section 309(c)(4)(G) ] preclude direct appellate review of constitutional issues" and that "[a] literal reading of IIRIRA section 309(c)(4)(G), precluding direct review of constitutional claims, is consistent with one of the central purposes of IIRIRA." *Alfaro–Reyes v. INS*, 224 F.3d 916, 921 (9th Cir.2000) (holding that "because 28 U.S.C. § 2241 habeas corpus relief is available to review constitutional claims, Congress' preclusion of direct appeals in IIRIRA sec-

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tion 309(c)(4)(G) does not offend the Due Process Clause of the Constitution"). Furthermore, because the constitutionality of § 212(a)(2)(C) does not affect whether we have jurisdiction, the jurisdictional question and the merits do not collapse into one. *Cf. Sareang Ye,* 214 F.3d at 1131.

■ Rojas–Garcia's second argument is equally unavailing. He asserts that because this court has held "[a]n alien seeking permanent resident status is assimilated to the position of an applicant for entry," *see Yui Sing Tse v. INS,* 596 F.2d 831, 834 (9th Cir.1979), and Rojas–Garcia applied for adjustment of status, his firearm conviction following his entry into the United States should not be considered in determining jurisdiction under § 309(c)(4)(G). Rojas–Garcia misconstrues the provision requiring that "[a]n alien seeking permanent resident status is assimilated to the position of an applicant for entry." This provision imposes the more stringent requirements for permanent residence under INA § 245 that are imposed on an alien at the time of entry, *see e.g., Choe v. INS,* 11 F.3d 925, 928 (9th Cir.1993) (finding that "although [the applicant is] physically present in the United States" he must still meet the "three basic requirements under 8 U.S.C. § 1255(a)" required of an immigrant arriving at the "border applying for initial entry"); *Yui Sing Tse,* 596 F.2d at 834; *Hamid v. INS,* 538 F.2d 1389 (9th Cir. 1976), petitioner's second argument also fails on the merits. *See Firestone v. Howerton,* 671 F.2d 317, 320 n. 5 (9th Cir.1982) ("Assimilation to the position of an applicant for entry refers to the application of eligibility criteria for admission and to differences in burden of proof.").

Rojas–Garcia's petition argues that although he is deportable, the Immigration Judge should have granted him adjust-ment of status. The Immigration Judge refused to do so on the basis of his conclusion that Rojas–Garcia is statutorily ineligible for such relief; Rojas claims that the statute rendering him ineligible is unconstitutional. While we lack jurisdiction to consider this argument, *see* IIRIRA § 309(c)(4)(G), petitioner may seek habeas relief in district court. *See Magana–Pizano,* 200 F.3d at 609. Accordingly, we dismiss Rojas–Garcia's petition without prejudice to his filing a petition for such relief in the appropriate forum.

DISMISSED WITHOUT PREJUDICE.