**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEHDI TAVASSOLI, | No. 11-70044 |
| Petitioner, | Agency No. A024-327-922 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

Mehdi Tavassoli petitions for review of a decision of the Board of

Immigration Appeals (BIA) dismissing an appeal of denial by an Immigration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Judge (IJ) of an application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252, and deny the petition for review.

**1.** Tavassoli's 1981 convictions for conspiracy to distribute heroin and possession of heroin with intent to distribute provided the BIA ample "reason to believe" that Tavassoli had been knowingly involved in drug trafficking and was therefore ineligible for adjustment of status. *See* 8 U.S.C. § 1182(a)(2)(C)(i) (providing that an alien is inadmissible if there is "reason to believe" that he is or has been an "illicit trafficker in any controlled substance"); 8 U.S.C. § 1227(a)(1)(A) ("Any alien who at the time of . . . adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time is deportable.").

**2.** Tavassoli's claim that the IJ failed to make an explicit credibility finding regarding his testimony was not raised in the opening brief and is waived. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992).

**3.** We reject Tavassoli's contention that § 1182(a)(2)(C)(i) contains an ambiguous temporal limitation that must be construed in his favor. The statute has no such limitation, and we have applied it to conduct occurring years before an immigration proceeding. *See, e.g.*, *Lopez-Molina v. Ashcroft*, 368 F.3d 1206, 1207 (9th Cir. 2004); *Hamid v. INS*, 538 F.2d 1389, 1390 (9th Cir. 1976) (per curiam).

2

**DENIED.**