NOT FOR PUBLICATION



FILED

APR 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ARNOLDO MORALES-DEL VALLE, | ) ) ) | No. 13-73012 |
| | ) | Agency No. A205-403-590 |
| Petitioner, | ) | |
| | ) | MEMORANDUM* |
| v. | ) | |
| | ) | |
| LORETTA E. LYNCH, Attorney General, | ) ) | |
| | ) | |
| Respondent. | ) ) ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 15, 2016
San Francisco, California

Before: FERNANDEZ, GOULD, and FRIEDLAND, Circuit Judges.

Arnoldo Morales-Del Valle, a citizen of Mexico, petitions for review of the

Board of Immigration Appeals' (BIA) denial of his application for adjustment of

status. We deny the petition.

Morales was convicted of solicitation to possess marijuana for sale in

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Arizona. *See* Ariz. Rev. Stat. §§ 13-1002, 13-3405(A)(2). Proceedings were then commenced to remove him as a person in this country illegally,[1] and he sought adjustment of status as the spouse of a citizen.[2] That was denied because Morales failed to show by a preponderance of the evidence[3] that he was not inadmissible due to a conviction that gave the Attorney General "reason to believe"[4] that he "is or has been . . . a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking [of marijuana] . . . , or endeavored to do so."[5] He asserts that his conviction of the Arizona solicitation offense could not bring him within the inadmissability provisions. We disagree.

In making its decision, the BIA was entitled to rely upon the entire record of Morales' conviction, rather than on particular documents therein. Because the BIA's decision did, in effect, refer to the record as a whole, we, too, are entitled to rely upon the entire record. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1039–40 (9th Cir. 2010); *see also Lopez-Molina*, 368 F.3d at 1211. Moreover, the

---

[1]*See* 8 U.S.C. § 1227(a)(1)(B).

[2]*See id.* § 1151(b)(2)(A)(i), § 1255(a).

[3]*See* 8 C.F.R. § 1240.8(d).

[4]8 U.S.C. § 1182(a)(2)(C).

[5]*Id.* § 1182(a)(2)(C)(i); *see also Lopez-Molina v. Ashcroft*, 368 F.3d 1206, 1208–09 (9th Cir. 2004).

2

underlying offense—possession of marijuana for sale[6]—was an illicit trafficking

crime. *See Lopez v. Gonzales*, 549 U.S. 47, 53–54, 127 S. Ct. 625, 629–30, 166 L.

Ed. 2d 462 (2006); *Rendon v. Mukasey*, 520 F.3d 967, 975–76 (9th Cir. 2008). To

be guilty of solicitation of the commission of that crime, Morales had to (a) intend

to promote or facilitate[7] the crime of possession of over four pounds of marijuana

for sale,[8] and (b) command, encourage, request or solicit "another person to engage

in specific conduct which would constitute"[9] that crime.[10] Of course, his guilty

plea was probative of the fact that he did engage in that activity. *See Chavez-Reyes*

*v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014). That activity was sufficient to give a

reasonable person—here the Attorney General—reason to believe that, within the

expansive reach of the § 1182(a)(2)(C),[11] Morales was sufficiently involved in

---

[6]Ariz. Rev. Stat. § 13-3405(A)(2).

[7]Ariz. Rev. Stat. § 13-1002(A).

[8]*Id.* § 13-3405(A)(2), (B)(6); *id.* § 13-1002(A), (B)(2). We note that over four pounds is not a small amount. *See* 8 U.S.C. § 1227(a)(2)(B)(i); *Medina v. Ashcroft*, 393 F.3d 1063, 1065–66 (9th Cir. 2005); *cf. Moncrieffe v. Holder*, __ U.S. __, __ & n.7, 133 S. Ct. 1678, 1685–86 & n.7, 185 L. Ed. 2d 727 (2013).

[9]Ariz. Rev. Stat. § 13-1002(A).

[10]*See State v. Miller*, 316 P.3d 1219, 1229–30 (Ariz. 2013).

[11]*See, e.g., Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003) (engaging in negotiations to sell a large quantity of drugs gave "'reason to

(continued...)

3

illicit drug trafficking to be inadmissible.[12]

That is, even if the activity was not sufficient to constitute a deportable offense,[13] it was quite sufficient to render him inadmissible because a reasonable observer would have reason to believe that someone who behaved in that manner[14] was involved in illicit drug trafficking—a much lower standard. Again, while his actions might not have resulted in a deportable offense, they were enough to cause one to believe that he was involved in illicit drug trafficking activity.[15]

Petition DENIED.

---

[11](...continued) believe'" that trafficking was afoot); *see also Hamid v. INS*, 538 F.2d 1389, 1391 (9th Cir. 1976) (asking a person to bring a large quantity of drugs into this country gave "'reason to believe'" that trafficking was afoot); *see also Chavez-Reyes*, 741 F.3d at 2 (conviction set aside, but reason to believe remained); *cf. United States v. Aguilar*, 515 U.S. 593, 601–02, 115 S. Ct. 2357, 2363, 132 L. Ed. 2d 520 (1995) (interpreting "endeavor").

[12]The evidence did not compel a contrary conclusion. *See Gomez-Granillo v. Holder*, 654 F.3d 826, 831 (9th Cir. 2011); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1, 112 S. Ct. 812, 815 & n.1, 117 L. Ed. 2d 38 (1992); *Alarcon-Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir. 2000).

[13]*See Leyva-Licea v. INS*, 187 F.3d 1147, 1149–50 (9th Cir. 1999); *Coronado-Durazo v. INS*, 123 F.3d 1322, 1324–26 (9th Cir. 1997).

[14]That behavior is far more than mere presence on the scene. *Cf. Altamirano v. Gonzales*, 427 F.3d 586, 595 (9th Cir. 2004).

[15]The Arizona Grand Jury that indicted him surely found probable cause to believe that he had, indeed, engaged in trafficking. *See* Ariz. Rev. Stat. § 21-413.

*Morales-Del Valle v. Lynch*, 13-73012

FRIEDLAND, Circuit Judge, concurring in the judgment:

I concur in the judgment because I believe that *Hamid v. INS*, 538 F.2d 1389

(9th Cir. 1976) (per curiam), requires us to affirm the BIA's decision here. I write

separately to express doubt about whether *Hamid* was correctly decided. In

*Hamid*, we reasoned that even if the petitioner's conduct did not itself qualify as

trafficking, it "provided a sound basis to believe that petitioner was a 'trafficker'"

*Id.* at 1391. Ordinarily, however, evidence of the commission of one crime is not

admissible to prove a separate later commission of the same offense, let alone a

different offense. *See* Fed. R. Evid. 404(b). Nor does evidence of the commission

of a prior offense negate the axiomatic presumption of innocence in favor of the

accused. *See Taylor v. Kentucky*, 436 U.S. 478, 483 (1978). Although "reason to

believe" is a generous standard, it must be supported by "reasonable, substantial,

and probative evidence." *Alarcon-Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir.

2000). I question the fairness of holding that evidence that a petitioner committed

a non-trafficking offense qualifies as substantial evidence that a petitioner

committed a trafficking offense.

Even though solicitation is not among the inchoate and accessorial crimes

enumerated in the illicit drug trafficking statute, 8 U.S.C. § 1182(a)(2)(C)(i), the

BIA reasoned that Morales's guilty plea to that crime was itself sufficient to give

the Attorney General reason to believe that Morales had committed a covered

offense.[1]  This decision was consistent with *Hamid,* but it leads me to believe

*Hamid* should be revisited.

---

[1] As I read the BIA's decision, the guilty plea to solicitation was the only evidence the BIA relied on in reaching its "reason to believe" determination, which distinguishes this case from the other cases cited in footnote 11 of the majority disposition.  In both *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003), and *Chavez-Reyes v. Holder*, 741 F.3d 1, 2-3 (9th Cir. 2014), the agency relied on substantial evidence of conduct that itself constituted drug trafficking activity. Because the BIA neither referenced nor relied on the unproven indictment charging Morales with a trafficking offense, I would not consider in the first instance on appeal whether the indictment could constitute sufficient evidence.  *See Navas v. INS*, 217 F.3d 646, 658 n.16 (9th Cir. 2000) ("[T]his court cannot affirm the BIA on a ground on which it did not rely.").