*710 MEMORANDUM *
Arnoldo Morales-Del Valle, a citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (BIA) denial of his application for adjustment of status. We deny the petition.
Morales was convicted of solicitation to possess marijuana for sale in Arizona. See Ariz.Rev.Stat. §§ 13-1002, 13-3405(A)(2). Proceedings were then commenced to remove him as a person in this country illegally,[1] and he sought adjustment of status as the spouse of a citizen.[2] That was denied because Morales failed to show by a preponderance of the evidence[3] that he was not inadmissible due to a conviction that gave the Attorney General “reason to believe”[4] that he “is or has been ... a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking [of marijuana] ..., or endeavored to do so.”[5] He asserts that his conviction of the Arizona solicitation offense could not bring him within the inadmissa-bility provisions. We disagree.
In making its decision, the BIA was entitled to rely upon the entire record of Morales’ conviction, rather than on particular documents therein. Because the BIA’s decision did, in effect, refer to the record as a whole, we, too, are entitled to rely upon the entire record. See Ramirez-Villalpando v. Holder, 645 F.3d 1035, 1039-40 (9th Cir.2010); see also Lopez-Molina, 368 F.3d at 1211. Moreover, the underlying offense — possession of marijuana for sale[6] — was an illicit trafficking crime. See Lopez v. Gonzales, 549 U.S. 47, 53-54, 127 S.Ct. 625, 629-30, 166 L.Ed.2d 462 (2006); Rendon v. Mukasey, 520 F.3d 967, 975-76 (9th Cir.2008). To be guilty of solicitation of the commission of that crime, Morales had to (a) intend to promote or facilitate[7] the crime of possession of over four pounds of marijuana for sale,[8] and (b) command, encourage, request or solicit “another person to engage in specific conduct which would constitute”[9] that crime.[10] Of course, his guilty plea was probative of the fact that he did engage in that activity. See Chavez-Reyes v. Holder, 741 F.3d 1, 3 (9th Cir.2014). That activity was sufficient to give a reasonable person — here the Attorney General — reason to believe that, within the expansive reach of the § 1182(a)(2)(C),[11] Morales was suffi *711 ciently involved in illicit drug trafficking to be inadmissible.[12]
That is, even if the activity was not sufficient to constitute a deportable offense,[13] it was quite sufficient to render him inadmissible because a reasonable observer would have reason to believe that someone who behaved in that manner[14] was involved in illicit drug trafficking — a much lower standard. Again, while his actions might not have resulted in a de-portable offense, they were enough to cause one to believe that he was involved in illicit drug trafficking activity.[15]
Petition DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. See 8 U.S.C. § 1227(a)(1)(B).

. See id. § 1151(b)(2)(A)(i), § 1255(a).

. See 8 C.F.R. § 1240.8(d).

. U.S.C. § 1182(a)(2)(C).

. Id. § 1182(a)(2)(C)(i); see also Lopez-Molina v. Ashcroft, 368 F.3d 1206, 1208-09 (9th Cir.2004).

. Ariz.Rev.Stat. § 13-3405(A)(2).

. Ariz.Rev.Stat. § 13-1002(A).

. Id. § 13-3405(A)(2), (B)(6); id. § 13-1002(A), (B)(2). We note that over four pounds is not a small amount. See 8 U.S.C. § 1227(a)(2)(B)(i); Medina v. Ashcroft, 393 F.3d 1063, 1065-66 (9th Cir.2005); cf. Moncrieffe v. Holder, — U.S.-, -- & n. 7, 133 S.Ct. 1678, 1685-86 & n. 7, 185 L.Ed.2d 727 (2013).

. Ariz.Rev.Stat. § 13-1002(A).

. See State v. Miller, 234 Ariz. 31, 316 P.3d 1219, 1229-30 (2013).

. See, e.g., Rojas-Garcia v. Ashcroft, 339 F.3d 814, 823 (9th Cir.2003) (engaging in negotiations to sell a large quantity of drugs gave " 'reason to believe’ ” that trafficking was afoot); see also Hamid v. INS, 538 F.2d 1389, 1391 (9th Cir.1976) (asking a person to bring • a large quantity of drugs into this country gave " 'reason to believe’ ” that trafficking was afoot); see also Chavez-Reyes, 741 F.3d at 2 (conviction set aside, but reason to believe remained); cf. United States v. Aguilar, 515 U.S. 593, 601-02, 115 S.Ct. 2357, 2363, 132 L.Ed.2d 520 (1995) (interpreting “endeavor”).

. The evidence did not compel a contrary conclusion. See Gomez-Granillo v. Holder, 654 F.3d 826, 831 (9th Cir.2011); see also INS v. Elias-Zacarias, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 815 & n. 1, 117 L.Ed.2d 38 (1992); Alarcon-Serrano v. INS, 220 F.3d 1116, 1119 (9th Cir.2000).

. See Leyva-Licea v. INS, 187 F.3d 1147, 1149-50 (9th Cir.1999); Coronado-Durazo v. INS, 123 F.3d 1322, 1324-26 (9th Cir.1997).

. That behavior is far more than mere presence on the scene. Cf. Altamirano v. Gonzales, 427 F.3d 586, 595 (9th Cir.2004).

. The Arizona Grand Jury that indicted him surely found probable cause to believe that he had, indeed, engaged in trafficking. See Ariz. Rev.Stat. § 21-413.