FRIEDLAND, Circuit Judge,
concurring in the judgment:
I concur in the judgment because I believe that Hamid v. INS, 538 F.2d 1389 (9th Cir.1976) (per curiam), requires us to' affirm the BIA’s decision here. I write separately to express doubt about whether Hamid was correctly decided. In Hamid, we reasoned that even if the petitioner’s conduct did not itself qualify as trafficking, it “provided a sound basis to believe that petitioner was a ‘trafficker’ ” Id. at 1391. Ordinarily, however, evidence of the commission of one crime is not admissible to prove a separate later commission of the same offense, let alone a different offense. See Fed.R.Evid. 404(b). Nor does evidence of the commission of a prior offense negate the axiomatic presumption of innocence in favor of the accused. See Taylor v. Kentucky, 436 U.S. 478, 483, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978). Although “reason to believe” is a generous standard, it must be supported by “reasonable, substantial, and probative evidence.” Alarcon-Serrano v. INS, 220 F.3d 1116, 1119 (9th Cir.2000). I question the fairness of holding that evidence that a petitioner committed a non-trafficking offense qualifies as substantial evidence that a petitioner committed a trafficking offense.
Even though solicitation is not among the inchoate and accessorial crimes enumerated in the illicit drug trafficking statute, 8 U.S.C. § 1182(a)(2)(C)©, the BIA reasoned that Morales’s guilty plea to that crime was itself sufficient to give the Attorney General reason to believe that Morales had committed a covered offense.[1] This decision was consistent with Hamid, *712 but it leads me to believe Hamid should be revisited.

. As I read the BIA’s decision, the guilty plea to solicitation was the only evidence the BIA relied on in reaching its "reason to believe” determination, which distinguishes this case from the other cases cited in footnote 11 of the majority disposition. In both Rojas-Garcia v. Ashcroft, 339 F.3d 814, 823 (9th Cir.2003), and Chavez-Reyes v. Holder, 741 F.3d 1, 2-3 (9th Cir.2014), the agency relied on substantial evidence of conduct that itself constituted drug trafficking activity. Because the BIA neither referenced nor relied on the unproven indictment charging Morales with a trafficking offense, I would not consider in the first instance on appeal whether the indictment could constitute sufficient evidence. See Navas v. INS, 217 F.3d 646, 658 n. 16 (9th Cir.2000) ("[T]his court cannot affirm the BIA on a ground on which it did not rely.”).