**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MISAEL FLORES-MARTINEZ,

        Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.    18-72304

Agency No. A208-939-643

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2020**
Seattle, Washington

Before:  GOULD, BEA, and MURGUIA, Circuit Judges.

    Misael Flores-Martinez ("Flores-Martinez"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals's ("BIA") dismissal of

his appeal from an immigration judge's ("IJ") entry of a final order of removal.

Flores-Martinez challenges the agency's determination that he is inadmissible and

---

      *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

consequently statutorily ineligible for cancellation of removal, and further argues that his case required the review of a three-member panel of the BIA.

We have jurisdiction to determine whether the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, bars our review of the removal order. *See* 8 U.S.C. § 1252(a)(2)(C) ("[Absent specified exceptions] no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. §] 1182(a)(2) . . . ."); *Lopez–Molina v. Ashcroft*, 368 F.3d 1206, 1208 (9th Cir. 2004) ("This court determines for itself whether [petitioner's] case falls within the parameters of this jurisdiction-stripping provision. In other words, we have jurisdiction to consider our own jurisdiction."). We review for substantial evidence the agency's determination that there is "reason to believe" Flores-Martinez is or has been an illicit trafficker in any controlled substance and is therefore inadmissible. 8 U.S.C. § 1182(a)(2)(C)(i); *Alarcon–Serrano v. I.N.S.*, 220 F.3d 1116, 1119 (9th Cir. 2000). The BIA's determination must be upheld unless "the evidence compels a contrary conclusion." *Alarcon-Serrano*, 220 F.3d at 1119. The test is not whether "a generous fact-finder might have believed [petitioner's] version of the facts." *Id.* at 1120. Notwithstanding the above-mentioned limitation on our jurisdiction, we retain jurisdiction to review *de novo* questions of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Chavez-Reyes v. Holder*, 741 F.3d 1, 3 (9th Cir. 2014). We dismiss

in part and deny in part the petition for review.

1.       Unlike many other grounds for inadmissibility and removability, 8 U.S.C. § 1182(a)(2)(C)(i) does *not* require a conviction for an alien to be deemed inadmissible or removable. *Lopez-Molina*, 368 F.3d at 1209. Rather, the agency's determination need be supported only by "reasonable, substantial, and probative evidence." *Alarcon–Serrano*, 220 F.3d at 1119 (citing *Hamid v. I.N.S.*, 538 F.2d 1389, 1390–91 (9th Cir. 1976)).

Here, the BIA's determination that there was "reason to believe" that Flores-Martinez was involved in drug trafficking rests on reasonable, substantial, and probative evidence. The government introduced a declaration, signed under penalty of perjury, from an arresting officer attesting to details of Flores-Martinez's suspected involvement in an illicit drug transaction—a woman entering Flores-Martinez's vehicle for a short while, packing material with heroin residue underneath the driver's seat of Flores-Martinez's vehicle, a large amount of cash on Flores-Martinez's person, a "moderate to large" amount of heroin on the woman's person, and a statement from the woman that she purchased heroin from Flores-Martinez on this occasion and previous ones as well. In addition to the declaration, Flores-Martinez's own guilty plea stipulates that there is a "factual

basis in the allegations to support the charges in the original information"[1] and states that Flores-Martinez "believe[s] there is a significant risk of conviction of the original charges." Flores-Martinez's own evidence, upon which he rests a claim of innocence, does not "compel a contrary conclusion." *Alarcon–Serrano*, 220 F.3d at 1119.

2.    Furthermore, Flores-Martinez's appeal was properly assigned for disposition to a single BIA member. Applicable regulations authorize a single member to affirm an IJ's decision. *See* 8 C.F.R. § 1003.1(e)(4), (5). A case may be assigned for a review by a three-member panel *only* if it presents one of seven circumstances delineated in 8 C.F.R. § 1003.1(e)(6).[2] None of those circumstances is present here.

In support of his argument that a three-member panel of the BIA should have reviewed his case, Flores-Martinez points to the fifth circumstance, 8 C.F.R.

---

[1] The original information charged Flores-Martinez with delivery of a controlled substance (heroin) and possession of a controlled substance other than marijuana (heroin) in violation of Washington state law.

[2] The seven circumstances are: (1) the need to settle inconsistencies among the rulings of different immigration judges; (2) the need to establish a precedent construing the meaning of laws, regulations, or procedures; (3) the need to review a decision by an immigration judge or the Department of Homeland Security ("DHS") that is not in conformity with the law or with applicable precedents; (4) the need to resolve a case or controversy of major national import; (5) the need to review a clearly erroneous factual determination by an immigration judge; (6) the need to reverse the decision of an immigration judge or DHS, other than a reversal under § 1003.1(e)(5); or (7) the need to resolve a complex, novel, unusual, or recurring issue of law or fact. 8 C.F.R. § 1003.1(e)(6)(i)–(vii).

§ 1003.1(e)(6)(v), which establishes "[t]he need to review a clearly erroneous factual determination by an [IJ]," and claims that the IJ made a clearly erroneous factual determination when he stated that Flores-Martinez "pled to the original information." Nevertheless, as explained by the BIA and by the government, the misstatement was harmless as it is clear from the IJ's earlier statements that the IJ understood the significance of Flores-Martinez's guilty plea and the accompanying stipulation. The IJ previously stated that Flores-Martinez: (1) "entered the equivalent of an offered plea . . . agreeing that there was sufficient evidence to convict him based on the charges in the original information;" and (2) "pled guilty conceding that there was enough to convict him based on the original information."

In sum, the agency did not err in finding Flores-Martinez inadmissible under 8 U.S.C. § 1182(a)(2)(C)(i), and accordingly statutorily ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1101(f)(3), 1229b(b)(1)(B). Nor is remand to the BIA required for review by a three-member panel.

**PETITION DISMISSED in part and DENIED in part.**